818 F.2d 1278
 55 USLW 2647
 SAGINAW MINING COMPANY, Petitioner,
v.
Antonio MAZZULLI, Respondent-Employee,
and
The Director, Office of Workers' Compensation Programs,
United States Department of Labor,
Respondent-Party in Interest.
 No. 86-3370.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 30, 1987.
Decided May 19, 1987.
 
 John G. Paleudis (argued), Hanlon, Duff & Paleudis, Co., L.P.A., St. Clairsville, Ohio, for petitioner.
 Daniel A. Manring (argued), Columbus, Ohio, Benefits Review Bd., Michael J. Denney, Thomas L. Holzman, Office of the Solicitor, Ellen L. Beard (argued), U.S. Dept. of Labor, Washington, D.C., for respondents.
 Before KEITH, KENNEDY and RYAN, Circuit Judges.
 CORNELIA G. KENNEDY, Circuit Judge.
 
 
 1
 Saginaw Mining Company ("Saginaw") seeks review of an order of the Benefits Review Board ("the Board") modifying a previous denial and awarding black lung benefits to respondent-employee Antonio Mazzulli. Saginaw and the Director of the Office of Workers' Compensation Programs, United States Department of Labor ("Director"), respondent-party in interest, contend that a claimant for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. ("BLBA"), must file a request for modification of a decision of an administrative law judge ("ALJ") regarding entitlement to black lung benefits with a deputy commissioner. Mazzulli maintains that the Board is correct in holding that the claimant must file such a request with the ALJ who decided the claim--the procedure followed here. We find that, under 33 U.S.C. Sec. 922 and 20 C.F.R. Sec. 725.310, modification requests must be filed with the deputy commissioner. Accordingly, we vacate the ALJ's award of benefits to Mazzulli and remand the action to the deputy commissioner for consideration of Mazzulli's request for modification.
 
 
 2
 On May 5, 1978, Mazzulli filed an application for benefits under the BLBA. A deputy commissioner investigated the claim, compiled the evidence, and at the request of Saginaw forwarded the case for hearing by an ALJ. The ALJ held the hearing on December 16, 1980, and, on February 23, 1981, issued a decision and order rejecting the claim on the grounds that Mazzulli was not disabled by pneumoconiosis. Mazzulli filed a timely appeal with the Board on February 27, 1981.
 
 
 3
 In May, 1981, while his appeal was pending before the Board, Mazzulli filed a motion to remand the claim to permit consideration of new medical evidence developed in March, 1981. Saginaw opposed the motion, asserting that Mazzulli should be required to present his new evidence in the form of a new claim, rather than reopening the record after the case was on appeal.
 
 
 4
 The Board held that Mazzulli's motion for a remand was "in effect a timely request for modification" and, as such, should be addressed to the ALJ. Joint Appendix at 73. Thus, while the Board denied Mazzulli's motion, it indicated that he was "free to seek modification at the administrative law judge level based on the new evidence." Joint Appendix at 76.
 
 
 5
 After the ALJ issued a memorandum agreeing to consider modification of his original decision, the Board remanded the case to the ALJ. The Board held Mazzulli's appeal before it in abeyance pending issuance of a modification decision by the ALJ. After allowing both Mazzulli and Saginaw to submit new evidence, the ALJ, on July 12, 1983, issued a new decision awarding benefits to Mazzulli as of March, 1981, the date of the new medical evidence submitted in support of Mazzulli's modification request. The Board affirmed the ALJ's decision on the merits by order of February 28, 1986, and Saginaw filed this petition for review. Saginaw argues that: (1) the Board's order awarding Mazzulli benefits is not supported by substantial evidence; and (2) the ALJ was without jurisdiction to consider Mazzulli's modification request. We consider the jurisdictional argument first.
 
 
 6
 The BLBA provides that black lung claims are to be processed by the Secretary of Labor in accordance with the procedural provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 901 et seq. ("Longshore Act"), "except as otherwise provided ... by regulations of the Secretary." 30 U.S.C. Sec. 932(a). The basic claims procedure is set forth in section 19 of the Longshore Act, 33 U.S.C. Sec. 919. The claim is filed with a deputy commissioner, who notifies all interested parties, determines the claimant's eligibility for benefits, investigates the claim, and issues a proposed decision and order. 33 U.S.C. Sec. 919(a)-(c). Any interested party may appeal the proposed order and decision to an ALJ, who conducts a hearing. 33 U.S.C. Sec. 919(d). Once the ALJ has issued his order, any dissatisfied party may appeal to the Board. 33 U.S.C. Sec. 921(b). Any party dissatisfied with the Board's final order may obtain review of the order in a federal court of appeals. 33 U.S.C. Sec. 921(c).
 
 
 7
 Section 22 of the Longshore Act, 33 U.S.C. Sec. 922, governs the modification of awards. It authorizes the deputy commissioner to "review a compensation case ... in accordance with the [claims] procedure prescribed in ... section 919" and to issue a new compensation order "on the ground of a change in conditions or ... a mistake in a determination of fact by the deputy commissioner."[1] The Secretary of Labor has promulgated a regulation regarding modification, which states in pertinent part:
 
 
 8
 (a) Upon his or her own initiative, or upon the request of any party on grounds of a change in conditions or because of a mistake in a determination of fact, the deputy commissioner may, at any time before one year from the date of the last payment of benefits, or at any time before one year after the denial of a claim, reconsider the terms of an award or denial of benefits.
 
 
 9
 (b) Modification proceedings shall be conducted in accordance with the provisions of this part as appropriate. Additional evidence may be submitted by any party or requested by the deputy commissioner. Modification proceedings shall not be initiated before an administrative law judge or the Benefits Review Board.
 
 
 10
 (c) At the conclusion of modification proceedings the deputy commissioner may issue a proposed decision and order (Sec. 725.418), forward the claim for a hearing (Sec. 725.421) or, if appropriate, deny the claim by reason of abandonment (Sec. 725.409).
 
 
 11
 20 C.F.R. Sec. 725.310 (1986) (emphasis added).
 
 
 12
 The issue before this Court is whether a request for modification of an ALJ decision filed while an appeal is pending at the Board level must be considered by the ALJ who previously heard the case or by the deputy commissioner. This question has not yet been decided by a federal court, although this Circuit did have occasion to address it tangentially in Blevins v. Director, 683 F.2d 139 (6th Cir.1982). The claimant there attempted to argue that his attorney's letter to the Board requesting a review of the ALJ's decision denying him benefits was a request for reopening under 33 U.S.C. Sec. 922. This Court rejected his argument, stating: "The claimant's failure to direct his request to the deputy commissioner defeats his argument that Sec. 922 provided a basis for review of his appeal." 683 F.2d at 142. The Blevins court simply assumed that 20 C.F.R. Sec. 725.310 requires modification requests to be initiated with the deputy commissioner rather than the ALJ without directly addressing the issue. Thus, this case presents an issue of first impression for this Court.
 
 
 13
 Despite the emphasized language of 20 C.F.R. Sec. 725.310(b) supra, the Board ruled that because an ALJ had already issued a decision in Mazzulli's case, his modification request had to be directed to the ALJ, not to the deputy commissioner. In reaching this result, the Board expressly relied on its earlier decision in Craig v. United Church of Christ, 3 Black Lung Rep. 1-300 (1981). The Board there addressed the modification issue for the first time, in the context of the Longshore Act. It stated that "where the parties are in active litigation, i.e., an appeal is pending, the administrative law judge who originally tried the case is the most appropriate person to evaluate quickly the modification petition to determine whether it is frivolous or whether it states facts sufficient to constitute a ground for modification, so that a formal hearing is required." Id. at 1-304 to 1-305.[2] The Board noted that "[w]here no appeal is pending or where the appeal has already been decided, a modification petition is properly initiated with the deputy commissioner and screened by him." Id. at 1-305 n. 5.
 
 
 14
 In discussing Mazzulli's request, the Board noted that section 422(a) of the BLBA, 30 U.S.C. Sec. 932(a), makes section 22 of the Longshore Act, 33 U.S.C. Sec. 922, applicable to black lung claims. Therefore, the Board held that "the procedures outlined in Craig are equally applicable to modification proceedings under the Black Lung Act, as amended." Joint Appendix at 73. The Board acknowledged the language of 20 C.F.R. Sec. 725.310, but found that it was not in conflict with the Craig ruling:
 
 
 15
 While on the surface the regulation may appear to conflict with the Board's holding in Craig, a closer analysis dispels this conclusion. Paragraph (a) of Section 725.310 provides that "the deputy commissioner may ... reconsider the terms of an award or denial of benefits." [emphasis added]. Use of the term "reconsider " indicates that the deputy commissioner had considered the case once before. The regulation also provides that the deputy commissioner shall consider for a second time "an award or denial of benefits." This language assumes that pursuant to his initial consideration the deputy commissioner either awarded or denied benefits. We can only conclude that paragraph (a) of the regulation was intended to apply in those relatively rare circumstances where the proposed decision and order, see 20 C.F.R. Sec. 725.418, of the deputy commissioner was not opposed by either party within 30 days and therefore became a final and effective award or denial of benefits. 20 C.F.R. Sec. 725.419(d). Accordingly, paragraph (b) of Section 725.310 similarly applies to reconsideration of final orders of a deputy commissioner and does not apply to cases like the one at hand wherein an administrative law judge issued a decision and order pursuant to a hearing. Therefore, the regulation does not and cannot provide that deputy commissioners are to reconsider or modify decisions initially made by administrative law judges.
 
 
 16
 Joint Appendix at 73-74 (brackets in original). The Board found that applying Craig to black lung claims would "conform[ ] to the practical reality of the administrative process" by "expedit[ing]" the modification procedure. Joint Appendix at 74. The Board believed that applying the Craig procedure to black lung cases would further Congress' intent, as expressed in its enactment of the 1977 amendments to the BLBA, of reducing inflexibility and delay in the processing of claims, since it would eliminate one level of the administrative process. Joint Appendix at 72-73.
 
 
 17
 In resolving the issue now before us, "our starting point must be the language employed by Congress." American Tobacco Co. v. Patterson, 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982) (quoting Reiter v. Sonotone Corp., 442 U.S. 330, 337, 99 S.Ct. 2326, 2330, 60 L.Ed.2d 931 (1979)). Section 22 of the Longshore Act, 33 U.S.C. Sec. 922, clearly states that "the deputy commissioner may ... review a compensation case ... and ... issue a new compensation order." Section 22 specifies the grounds for modification and limits the time period for making such a request, but it does not restrict the deputy commissioner's power to modify an award or denial based on the procedural history of the claim.
 
 
 18
 Nonetheless, the Board maintains that, under section 22, the deputy commissioner is without authority to hear requests for modification of ALJ decisions. Section 22 directs the deputy commissioner to conduct modification proceedings in accordance with section 19 of the Longshore Act, 33 U.S.C. Sec. 919. This latter section was amended in 1972 to preclude deputy commissioners from conducting hearings. In the Board's view, in addition to transferring to the ALJs adjudicatory powers previously exercised by deputy commissioners, the 1972 amendments also deprived the deputy commissioners of power to consider modification requests under section 22 in cases involving disputed issues of fact. Joint Appendix at 70-71. Thus, the Board concluded,
 
 
 19
 when a case arises in which there are no disputed issues, initiation of a modification proceeding before the deputy commissioner would be appropriate in order for the deputy commissioner to carry out his purely administrative duties. In such a case, all of the records pertinent to the claim would be under the control of the deputy commissioner, and the prospects for an undisputed resolution of the Section 22 application are relatively good. However, while an appeal is pending and a continuing dispute exists between the parties, the deputy commissioner does not have the power to resolve the disputes which already exist between the parties, nor does he have possession of the records of the case. Since he can neither change the result in the case nor provide any substantial administrative services which would serve any purpose other than delay, then the adjudicatory functions currently reposed in the administrative law judge must be considered of paramount importance.
 
 
 20
 Joint Appendix at 71-72.
 
 
 21
 We must disagree with the Board's reasoning. The amendments to section 19 removed only the deputy commissioner's "powers, duties, and responsibilities" with respect to hearings. 33 U.S.C. Sec. 919(d). However, the initial stages of a modification proceeding, like the initial stages of a new claim proceeding, do not involve hearings. Under 20 C.F.R. Sec. 725.310(c), a deputy commissioner has three choices in a modification proceeding: he or she may issue a proposed decision or order, forward the claim to an ALJ for hearing, or deny the claim by reason of abandonment. These are the same choices applicable to original claims, see 20 C.F.R. Secs. 725.418, 725.421, 725.409, and do not involve hearing functions.
 
 
 22
 Nor do we find persuasive the Board's contention that Congress' intent to expedite the modification process mandates filing with the ALJ rather than the deputy commissioner. As the dissent to the Board's order denying Mazzulli's motion for a remand noted, the deputy commissioners play an important role in modification proceedings that is unrelated to hearing functions. "[I]t is always possible that, by following the procedure mandated by the regulations, it will be found at the deputy commissioner level that no dispute exists, thereby eliminating any need for a hearing before the administrative law judge." Joint Appendix at 79-80. Even if a dispute does exist, the deputy commissioner will have narrowed the contested issues for transmittal to the ALJ. Joint Appendix at 79. Thus, requiring modification proceedings to be initiated with the deputy commissioner rather than the ALJ may expedite the process, rather than delaying it as the Board contends.
 
 
 23
 The Board's interpretation of the amendments to section 19 would repeal by implication the great majority of the deputy commissioners' powers under section 22. The deputy commissioners would be left with only a narrow band of jurisdiction over modification proceedings. "In the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable." St. Martin Evangelical Church v. South Dakota, 451 U.S. 772, 788, 101 S.Ct. 2142, 2151, 68 L.Ed.2d 612 (1981), (quoting Morton v. Mancari, 417 U.S. 535, 550, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290 (1974)). We find no irreconcilable differences between section 19, as amended, and section 22, since the modification proceedings outlined in section 22 do not implicate the hearing powers reserved to the ALJs in section 19. Thus, we cannot say that the statute mandates the result reached by the Board.
 
 
 24
 Moreover, the Secretary has interpreted section 22 as allowing the deputy commissioner to consider modification requests even after issuance of an ALJ decision. Title 20 C.F.R. Sec. 725.310(b) expressly requires that all modification requests be considered initially by a deputy commissioner. We must reject the Board's narrow interpretation of the regulation as applying only in those "relatively rare" instances in which the deputy commissioner's proposed order and decision was not appealed to an ALJ by either party. See Curry v. Beatrice Pocahontas Co., 3 Black Lung Rep. 1-306, 1-309 (1981). The Supreme Court has held, in the context of the Longshore Act, that the Benefits Review Board's interpretation of a statute is entitled to no deference: "[T]he Benefits Review Board is not a policymaking agency; its interpretation of the [Longshore Act] thus is not entitled to any special deference from the courts." Potomac Elec. Power Co. v. Director, 449 U.S. 268, 278 n. 18, 101 S.Ct. 509, 514 n. 18, 66 L.Ed.2d 446 (1980) (citation omitted). Rather, the Director's statutory interpretation is the one entitled to judicial deference, since he is the one charged with administration of the BLBA. See Peabody Coal Co. v. Blankenship, 773 F.2d 173, 175 (7th Cir.1985).
 
 
 25
 The regulation's meaning is plain on its face: "Modification proceedings shall not be initiated before an administrative law judge or the Benefits Review Board." 20 C.F.R. Sec. 725.310(b) (emphasis added). The Director interprets this regulation literally as meaning all modification proceedings must be initiated before the deputy commissioner. This interpretation of the regulation is certainly a reasonable one, and so cannot be overturned by this Court. Chevron v. Natural Resources Defense Council, 467 U.S. 837, 843 n. 11, 844, 104 S.Ct. 2778, 2782 n. 11, 81 L.Ed.2d 694 (1984).
 
 
 26
 The Secretary's construction of 20 C.F.R. Sec. 725.480 at the time it was promulgated supports the Director's interpretation of 20 C.F.R. Sec. 725.310. Section 725.480 provides that a party dissatisfied with an ALJ decision, once the time to appeal or to request ALJ reconsideration has run, may seek modification under Sec. 725.310. The Secretary responded to a request for clarification of the official authorized to modify a decision and order of an ALJ by stating:
 
 
 27
 [Section 725.480] provides, in accordance with Section 22 of the Longshoremen's Act, that a modification of a decision and order may be sought as provided in Sec. 725.310. Section 725.310 requires that a request for modification be first addressed to the deputy commissioner who is properly responsible for the investigation of the basis on which a modification is requested. Contested issues unresolved by the deputy commissioner may be referred to the Office of Administrative Law Judges for a hearing.
 
 
 28
 48 Fed.Reg. 36801 (Aug. 18, 1978). Thus, the Director's interpretation of 20 C.F.R. Sec. 725.310 is consistent with the Secretary's.
 
 
 29
 We hold that a claimant for benefits under the BLBA must file with a deputy commissioner, rather than an ALJ, a request for modification of an ALJ decision regarding entitlement to black lung benefits. Since we find that the deputy commissioner, not the ALJ, was the proper person to consider Mazzulli's modification request, we vacate the ALJ's award of benefits and remand the request to the deputy commissioner. Although we can find no authority addressing whether remand is permissible in such an instance or whether the claimant must file a new claim, we are convinced that justice dictates that Mazzulli should not be prohibited from filing a modification request at this time simply because he followed the Board's directions in submitting his request to the ALJ instead of the deputy commissioner.[3] The Director acknowledged at oral argument that Mazzulli's modification request would still be timely if remanded to the deputy commissioner at this time.
 
 
 30
 Saginaw also argues that Mazzulli's additional evidence was not the proper subject matter of a modification request and that Mazzulli should have been required to file a new claim instead. We have vacated the ALJ's order allowing a modification proceeding in this case. The deputy commissioner to whom this action is remanded will now have the opportunity to decide whether Mazzulli's new evidence should be submitted through a modification request or a new claim. We express no opinion on this issue.
 
 
 31
 In light of our disposition of this issue, we do not address Saginaw's contention that the ALJ's decision to award Mazzulli benefits after March 6, 1981 was not supported by substantial evidence.
 
 
 32
 Accordingly, we VACATE the ALJ's award of benefits and REMAND the action to the deputy commissioner.
 
 
 
 [1]
 Section 22 states in full:
 Upon his own initiative, or upon the application of any party in interest (including an employer or carrier which has been granted relief under section 908(f) of this title), on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case (including a case under which payments are made pursuant to section 944(i) of this title) in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of injury, and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such method as may be determined by the deputy commissioner with the approval of the Secretary. This section does not authorize the modification of settlements.
 33 U.S.C. Sec. 922.
 
 
 [2]
 The procedure prescribed by the Board requires the ALJ to consider the petition for modification and to issue a memorandum stating whether such petition is in the interests of justice. If so, the Board will remand the case to the ALJ for a modification hearing. Craig, 3 Black Lung Rep. at 1-304 to 1-305. That was the procedure followed in Mazzulli's case
 
 
 [3]
 If Mazzulli's claim is treated as a continuing modification request, the interim presumptions of 20 C.F.R. Sec. 727.203 will apply. If Mazzulli's claim is treated as a new claim for benefits, however, the stricter claim eligibility standards of 20 C.F.R. Sec. 718, which took effect March 31, 1980, will apply