Robert E. LEE, Petitioner,

v.

CONSOLIDATION COAL COMPANY; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 86–1226.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 4, 1987.

Decided March 30, 1988.

Robert F. Cohen, Jr. (Cohen, Abate & Cohen, Fairmont, W.Va., on brief), for petitioner.

Michael John Rutledge, U.S. Dept. of Labor (George R. Salem, Sol. of Labor, Donald S. Shire, Associate Sol., Barbara J. Johnson, Counsel for Appellate Litigation, Thomas L. Holzman, Asst. Counsel for Appellate Litigation, Washington, D.C., on brief); David Allen Barnette (Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., on brief), for respondents.

Before WIDENER, CHAPMAN, and WILKINS, Circuit Judges.

WIDENER, Circuit Judge:

Lee appeals the administrative law judge's (ALJ) denial of his second motion for modification of his claim for benefits based on Title IV of the Black Lung Benefits Reform Act of 1977 (Black Lung Act), 30 U.S.C. § 901 et seq. More specifically, Lee was denied his motion to modify his claim made pursuant to § 22 of the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C. § 922 (Longshoremen's Act), incorporated by reference in the Black Lung Act by § 422(a) of the Federal Coal Mine Health and Safety Act, as amended, 30 U.S.C. § 932(a).

Lee contends that his motion made out a prima facie case for modification before the ALJ. The Director of the Office of Worker's Compensation Programs, United States Department of Labor (Director), contends that a claimant for benefits under the Black Lung Act must file a request for modification of a decision of an ALJ with the deputy commissioner. We are in agreement with the Director. Accordingly, we vacate the decision to uphold the ALJ's denial of the motion to modify Lee's claim and remand the request for modification with instructions that it be referred to the deputy commissioner for consideration.

Lee filed his claim for benefits under the Black Lung Act on August 29, 1975. On October 23, 1979, the claim for benefits was approved. However, at the request of Consolidation Coal Company, Lee's former employer who rejected the determination of entitlement, the claim was referred to the Office of Administrative Law Judges for a formal hearing. The result of the hearing held on May 6, 1980 was a Decision and Order Denying Benefits by the ALJ issued August 14, 1980. The ALJ found that the interim presumption of total disability due to pneumoconiosis had not been invoked by any of the methods set forth, 20 C.F.R. § 727.203(a)(1)–(4), and, further, that the claimant had failed to establish entitlement under the permanent criteria. 20 C.F.R. § 410.401, et seq.

After retaining by Lee of new counsel, a Petition for Review by the Benefits Review Board was filed and was denied on August 20, 1982. The Board affirmed the ALJ's Decision and Order.

Lee again retained new (and present) counsel. A motion for modification was filed, pursuant to 20 C.F.R. § 725.310, with the ALJ and the Deputy Commissioner [1] on October 25, 1982. The motion was accompanied with more current medical studies in regard to Lee's medical status. Lee argued that there had been a mistake in a determination of fact by the ALJ so as to justify modification of the Decision and Order. Subsequently, Lee informed the ALJ by letter that he wished to amend the motion for modification to include the argument of change in condition. The ALJ issued an Order Granting Motion to Reconsider in connection with the motion for modification, over the objection of Consolidation.

The ALJ ordered a reopening of the record on March 4, 1983 for the purpose of considering whether a mistake of fact had been made in, or a change in condition had occurred since, his original Decision and Order. Following correspondence from Consolidation objecting to the validity of two different ventilatory studies submitted previously by Lee, Lee's attorney stated that the studies were in fact unreliable due to clinical problems. However, the attorney requested that the record remain open for the submission of further studies to be performed by Dr. Donald L. Rasmussen in mid-May, 1983. Consolidation objected and requested that the Motion for Modification be dismissed. The ALJ, on May 5, 1983, issued an Order Denying Modification on the ground that claimant had presented no valid evidence to support a modification.

Lee filed a second motion for modification with the ALJ on July 1, 1983. Accompanying the motion was the new study dated May 18, 1983. Consolidation again objected to the motion. On August 16, 1983, the ALJ, instead of dismissing the motion, issued an Order Denying Second Motion for Modification. The Benefits Review Board affirmed the Order on August 1, 1986. Lee now seeks review of the August 1, 1986 order.

Modification of awards based on the Black Lung Act is governed by § 22 of the Longshoremen's Act, 33 U.S.C. § 922. The Statute provides, in pertinent part:

> Upon his own initiative, or upon the application of any party in interest ..., on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case ... in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation ...

The Supreme Court has held, in applying the statute, that a 1934 amendment to the Act broadened the grounds on which a deputy commissioner can modify an award.[2] *O'Keeffe v. Aerojet-General Shipyards, Inc.*, 404 U.S. 254, 255, 92 S.Ct. 405, 406, 30 L.Ed.2d 424 (1971). Prior to the 1934 amendment, the Act only authorized reopening on the grounds of a change in condition. "The plain import of this

---

**1.** Subsequent correspondence between the parties and the ALJ expressed confusion as to who had jurisdiction over the Motion for Modification.

**2.** We note that the cases of *Director, OWCP v. Peabody Coal Co.,* 837 F.2d 295 (7th Cir.1988), and *Director, OWCP v. Drummond Coal Co.,* 831 F.2d 240 (11th Cir.1987), discuss the proposition that a deputy commissioner may, on the basis of

mistake in fact, modify certain orders only if the mistake in fact was the deptuty commissioner's own. This is consistent with the express language of the statute. The scope of the deputy commissioner's modification authority, however, is not in issue; rather, the issue we address is the proper place in which to file the motion.

amendment was to vest a deputy commissioner with broad discretion to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted." 404 U.S. at 256, 92 S.Ct. at 407.

Section 725.310 of the Regulations deals with "Modification of awards and denials." It provides:

(a) Upon his or her own initiative, or upon the request of any party on grounds of a change in conditions or because of a mistake in a determination of fact, the deputy commissioner may, at any time before one year from the date of the last payment of benefits, or at any time before one year after the denial of a claim, reconsider the terms of an award or denial of benefits.

(b) Modification proceedings shall be conducted in accordance with the provisions of this part as appropriate. Additional evidence may be submitted by any party or requested by the deputy commissioner. Modification proceedings shall not be initiated before an administrative law judge or the Benefits Review Board.

(c) At the conclusion of modification proceedings the deputy commissioner may issue a proposed decision and order (§ 725.418), forward the claim for a hearing (§ 725.421) or, if appropriate, deny the claim by reason of abandonment (§ 725.409).

(d) An order issued following the conclusion of modification proceedings may terminate, continue, reinstate, increase or decrease benefit payments or award benefits. Such order shall not affect any benefits previously paid, except that an order increasing or decreasing the amount of benefits payable may be made effective on the date from which benefits were determined payable by the terms of an earlier award. In the case of an award which is decreased, any payment made in excess of the decreased rate shall be subject to collection or offset under subpart G of this part.

We note that the regulation in subsections (a), (b) and (c) refers only to the deputy commissioner in regard to modification proceedings. Further, subsection (b) explicitly states that such proceedings "shall not be initiated before an administrative law judge or the Benefits Review Board."

The Board, however, has indicated that modification is proper by the Board or by an ALJ where that claim is being considered by either body. See *Curry v. Beatrice Pocahontas Co.*, 3 BLR 1–306 (1981), and *Penoyer v. R & F Coal Co.*, 9 BLR 1–12 (1986). We are not persuaded by this argument.

In both cases, the Board based its decision on the 1972 amendment to § 19(d), 33 U.S.C. § 919(d). 33 U.S.C. § 922 provides that the deputy commissioner may modify a prior order in accordance with procedures prescribed in 33 U.S.C. § 919(d). Prior to 1972, 33 U.S.C. § 919(d) vested full adjudicatory authority in the deputy commissioner. *O'Keeffe*, supra. The 1972 amendment to 33 U.S.C. § 919(d) withdrew from the deputy commissioner the adjudicatory power to conduct hearings and vested that power in ALJs.[3] In *Curry*, the Board interpreted 20 C.F.R. § 725.310(b) to permit modification before the ALJ who originally decided the case while an appeal of the case is pending before the Board. *Curry*, supra; see, *Craig v. United Church of Christ, Commission for Racial Justice*, 3 BLR 1–300 (1981). *Penoyer* holds that where there is no appeal pending over which the Board has jurisdiction when the claimant files his motion for modification, the modification should be initiated before the deputy commissioner. 9 BLR at 1–17.

---

**3.** 33 U.S.C. § 919(d), as amended in 1972, reads:

Notwithstanding any other provisions of this Act, any hearing held under this Act shall be conducted in accordance with the provisions of section 554 of title 5 of the United States Code. Any such hearing shall be conducted by a hearing examiner qualified under section 3105 of that title. All powers, duties, and responsibilities vested by this Act, on the date of enactment of the [1972 Amendments], in the deputy commissioners with respect to such hearings shall be vested in such hearing examiners. The current code has replaced the wording of hearing examiners with that of administrative law judge.

The statute, as well as the regulation, is clear and unambiguous in its reference to "deputy commissioner" in the modification procedures. The language in 20 C.F.R. § 725.310(b) which provides that "[m]odification proceedings shall not be initiated before an administrative law judge or the Benefits Review Board" was included in the language of the amended regulation, subsequent to the 1972 amendment, effective August 18, 1978 (appearing in 20 C.F.R. 1979), 43 Fed.Reg. 36772 (1978). Thus, the Board has no basis on account of timeliness of the regulation to interpret the regulation as allowing modification to be handled by anyone other than the deputy commissioner.

We are in agreement with the Sixth Circuit, the only other court of appeals to address a similar issue, finding that petitions for modification under the Black Lung Act must be filed with the deputy commissioner rather than the ALJ. *Saginaw Mining Co. v. Mazzulli*, 818 F.2d 1278, 1283 (6th Cir.1987). *Saginaw* involved a request for modification of an ALJ decision while an appeal was pending at the Board level.[4] The court considered *Craig* but decided in favor of the Director's interpretation of the regulation.

> The regulation's meaning is plain on its face. See C.F.R. § 725.310(b). The Director interprets this regulation literally as meaning *all* modification proceedings must be initiated before the deputy commissioner. This interpretation of regulation is certainly a reasonable one, and so cannot be overturned by this Court. *Chevron v. Natural Resources Defense Council*, 467 U.S. 837, 843 n. 11, 844, 104 S.Ct. 2778, 2782 n. 11, 81 L.Ed. 2d 694 (1984).
>
> The Secretary's construction of 20 C.F.R. § 725.480 at the time it was prom-

ulgated supports the Director's interpretation of 20 C.F.R. § 725.310. Section 725.480 provides that a party dissatisfied with an ALJ decision, once the time to appeal or to request ALJ reconsideration has run, may seek modification under § 725.310. The Secretary responded to a request for clarification of the official authorized to modify a decision and order of an ALJ by stating:

> [Section 725.480] provides, in accordance with Section 22 of the Longshoremen's Act, that a modification of a decision and order may be sought as provided in § 725.310. Section 725.310 requires that a request for modification be first addressed to the deputy commissioner who is properly responsible for the investigation of the basis on which a modification is requested. Contested issues unresolved by the deputy commissioner may be referred to the Office of Administrative Law Judges for a hearing.

48 Fed.Reg. 36801 (Aug. 18, 1978). Thus, the Director's interpretation of 20 C.F.R. § 725.310 is consistent with the Secretary's.

818 F.2d at 1283. The Director's statutory interpretation is entitled to some judicial deference. *Peabody Coal v. Blankenship*, 773. F.2d 173, 175 (7th Cir.1985); see, *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965).

We also note, as did *Saginaw*, that the initial stages of a modification proceeding, like the initial stages of a new claim proceeding, do not involve hearings, but investigatory functions. 818 F.2d at 1282.

We thus hold that a motion for modification by a claimant for benefits based on the Black Lung Act must be filed with the

---

**4.** While the procedural aspect of this case is somewhat tangled, we have proceeded on the assumption that no administrative appeal was pending before the Benefits Review Board at the time the motion for modification here in question was filed. The preceding motion for modification in this case had been denied May 5, 1983, but claimant's appeal on the merits had been decided against him on August 20, 1982. From the August 20, 1982 order, no appeal was

taken, so that order was final. Since the ALJ and the Board have asserted jurisdiction in the case, we take it that the Board has implicitly overruled its *Penoyer* decision. We hasten to add, however, that our view of the case would not change whether the motion for modification be filed before the administrative proceedings on the merits became final or whether the motion be filed timely after a final administrative order, as is the case here.

deputy commissioner.[5] Accordingly, the Order Denying the Second Motion for Modification is vacated and the petition remanded with instructions that it be referred to the deputy commissioner for consideration.

VACATED AND REMANDED.

---

**5.** Lee's failure to address his second petition to the deputy commissioner should not prejudice his right to have his motion for modification considered on its merits. See *Saginaw,* 818 F.2d at 1283.