896 F.2d 1368
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
VIRGINIA POCAHONTAS COAL COMPANY, Petitioner,
v.
Norman L. HORN; Director, Office of Workers Compensation
Program, United States Department of Labor, Respondents.
 No. 89-2708.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 8, 1990.
Decided: Feb. 12, 1990.
 
 Martin Ellison Hall, Jackson & Kelly, for petitioner.
 Lawrence Lee Moise III, Vinyard & Moise; Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Michael J. Denny, Counsel for Appellate Litigation, Cathryn Celeste Helm, United States Department of Labor, Office of the Solicitor, for respondents.
 Before MURNAGHAN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 In a black lung case, an Administrative Law Judge, finding only 9.7 years of coal mine employment, did not apply the presumption of total disability which would operate for a miner with over ten years of coal mine employment. The ALJ consequently denied black lung benefits.
 
 
 2
 Norman Horn sought modification and, as administrators sometimes do, employees of the Department of Labor made a mistake. They referred the request for modification to a different ALJ, whereas the regulations require that the request for modification be referred initially to the Deputy Commissioner. Section 725.310, 20 C.F.R., requires initiation by the Deputy Commissioner and further states that "[m]odification proceedings shall not be initiated before an Administrative Law Judge or the Benefits Review Board."
 
 
 3
 Despite language which should have alerted him not to do so, the ALJ proceeded to consider the requested modification, which asked for a clarification to show that Horn had worked for more than ten years in coal mine employment. Relying on strong positive x-ray evidence, the second ALJ awarded benefits to Horn and was ultimately affirmed in that decision by the Benefits Review Board.
 
 
 4
 It is unquestioned that proper procedure required that the matter should have been referred to the Deputy Commissioner. Lee v. Consolidation Coal Co., 843 F.2d 159 (4th Cir.1988). However, "agency action will not be upset in the event of a harmless procedural error." Dodson v. National Transportation Safety Board, 644 F.2d 647, 652 (7th Cir.1981). Since the parties had stipulated that Horn had over ten years in coal mine employment and had further agreed that there would be no necessity for a further hearing on the claim, form alone and not substance would be served by vacating the decision of the ALJ, affirmed by the Benefits Review Board. See Krolick Contracting Corp. v. Benefits Review Board, 558 F.2d 685 (3d Cir.1977). Cf. Connor v. United States Civil Service Commission, 721 F.2d 1054 (6th Cir.1983).
 
 
 5
 Virginia Pocahontas Coal Company, as the employer, has sought, by citation to the one physical examination in the record by Dr. John R. Hatfield, to assert that it afforded sufficient basis for affirming the initial denial of benefits. The fact is, however, that the stipulation of the parties effectively brought about a significant change. Since the employer stipulated, and the social security earnings record established, more than ten years of coal mine employment, a presumption of total disability arose. The employer did not come forward with any additional evidence to rebut the presumption. Furthermore, the second ALJ discredited the opinion of Dr. Hatfield because of the inconclusiveness of the objective studies underlying it and Hatfield's indication that additional studies would be useful in evaluating Horn's pulmonary condition.
 
 
 6
 The case has been adequately presented in the briefs and record and does not require oral argument. The document comprised of decision and order of the Benefits Review Board dated March 31, 1989, is, accordingly,
 
 
 7
 AFFIRMED.