904 F.2d 701
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth O'QUINN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-1734.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 31, 1989.
Decided: May 24, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (BRB No. 87-1558 BLA).
 Kenneth O'Quinn, petitioner pro se.
 Michael John Denney, Eileen Mary McCarthy, United States Department of Labor, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 AFFIRMED.
 Before WIDENER, K.K. HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kenneth O'Quinn appeals the decision of the Department of Labor Benefits Review Board (the Board) denying him pneumoconiosis benefits under the Black Lung Benefits Act, as amended, 30 U.S.C. Secs. 901-962. The Board concluded that the administrative law judge's (ALJ) finding that O'Quinn had failed to establish that he suffers from pneumoconiosis is substantially supported by the record.
 
 
 2
 Our review of the record discloses that the ALJ's opinion is substantially supported by the record, taken as a whole. Therefore, under 33 U.S.C. Sec. 921(3), as incorporated by 30 U.S.C. Sec. 932(a), we affirm.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 O'Quinn states in his informal brief that he has additional medical evidence of pneumoconiosis that he would like to present to the Court. Although consideration of any such evidence would be beyond the authorized scope of our review, O'Quinn may initiate modification proceedings before a deputy commissioner of the Office of Workers Compensation programs, pursuant to 29 C.F.R. Sec. 725.310. See Lee v. Consolidation Coal Co., 843 F.2d 159 (4th Cir.1988)