978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles R. JOHNSON, Petitioner,
v.
L & N RAILROAD; Director Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 92-3386.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1992.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles R. Johnson, pro se, petitions for review of the Benefits Review Board's (BRB) decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The claimant originally filed his application for benefits with the Social Security Administration (SSA) on May 31, 1973. The claim was administratively denied, and again denied after being reexamined under the 1972 amendments to the Act. Johnson requested a hearing before an Administrative Law Judge (ALJ), who held a hearing and determined that the claimant was not entitled to benefits pursuant to Part 410, and specifically § 410.490 of the regulations applicable to Johnson's claim. Pursuant to the 1977 amendments to the Act, Johnson elected review of his claim under SSA's regulations. This election was dated April 3, 1978. After SSA once again denied benefits, the claim was referred to the Department of Labor (DOL) for further review.
 
 
 3
 On August 11, 1981, the deputy commissioner for DOL found Johnson entitled to benefits. However, Johnson contested the initial date of entitlement, found by DOL to be April 1, 1978. See 20 C.F.R. § 725.503 and § 727.302(d)(1). At that point, the DOL reopened Johnson's file to review the evidence submitted in support of his initial claim for benefits. The deputy commissioner determined that the initial award was made in error and issued an order to show cause, within thirty days, why the award should not be modified so that Johnson would not be entitled to receive any benefits, whatsoever. The deputy commissioner would have allowed the claimant to satisfy the show cause order by submitting valid medical evidence showing that he was in fact disabled due to pneumoconiosis. The order stated that Johnson could "submit evidence already existing, undergo tests with a doctor of his choosing at his own expense or undergo tests authorized with Dr. William K. Swann at government expense."
 
 
 4
 Thereafter, Johnson refused to undergo any further testing, including any tests to be provided at government expense. The deputy commissioner, accordingly, modified the award of benefits, ordering benefits to cease as of January, 1985. Johnson then retained new counsel, who requested a modification of the "Modification of Award of Benefits," pursuant to 20 C.F.R. § 725.310 and submitted an additional examination report, by Dr. Vijay R. Patil, based on an exam conducted on March 10, 1986. However, after several requests by the deputy commissioner, neither Johnson nor his counsel were able to provide to the deputy commissioner the underlying objective evidence, specifically the x-ray film and the pulmonary function study tests and tracings which Patil relied upon in diagnosing disability due to pneumoconiosis. At a subsequent hearing before an ALJ, the claimant admitted that he had refused to submit the x-rays and pulmonary function studies to the deputy commissioner because "they can't be trusted up there." On that basis, the ALJ granted the Director's motion to exclude Dr. Patil's medical report from the evidence to be considered. The ALJ then denied the claimant's request for modification of the order which had terminated Johnson's benefits.
 
 
 5
 On appeal to the BRB, the Board affirmed the ALJ's decision and order as supported by substantial evidence. On appeal to this court, Johnson argues: 1) the DOL claims examiner did not properly consider an x-ray of June 26, 1973; 2) the ALJ who reviewed his claim for the Social Security Administration, Harrison Howes, did not attempt to obtain the June 1973 x-ray and that he misrepresented to the claimant that he was placing that x-ray in the case file, without allegedly using proper procedure under the Act and regulations to retrieve this medical evidence which is presumably in support of the claimant's argument that he suffers from pneumoconiosis; 3) the actions taken by this ALJ resulted in the claimant's benefits being "cut short" by five years; and 4) he is not seeking benefits from the railroad company or alleging that he worked for that company as a coal miner in any way.
 
 
 6
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 7
 L & N Railroad, on appeal, moves this court to strike its name from the caption and dismiss it from the appeal, based on the ALJ's finding that the record is devoid of any evidence that the company was engaged in coal preparation or transportation in order to hold that company liable for the payment of benefits under the regulations. On appeal, Johnson reiterates his statements made at the hearing that he has no claim against the railroad company and that he has never alleged that he worked for that particular entity as a coal miner. The ALJ's determination to dismiss the railroad as a responsible operator is supported by the record and by the evidence. 30 U.S.C. § 802(d); 20 C.F.R. §§ 725.491-93.
 
 
 8
 Because the claimant requested modification of a prior order which had modified (terminated) the claimant's award, the ALJ properly analyzed the claim as one for a request for modification pursuant to 20 C.F.R. § 725.310 and the standards enunciated thereunder. As properly stated by the ALJ in his decision and order, modification may be based upon a mistake in fact or change in conditions. A petition for modification must be first initiated before the deputy commissioner, as was done in this case. Saginaw Mining Co. v. Mazzulli, 818 F.2d 1278, 1283 (6th Cir.1987). The fact-finder must determine if a mistake in determination of fact in a initial decision was made, or determine if a change in conditions has occurred, and if so, whether reopening the case would render justice under the Act. Banks v. Chicago Grain Trimmers Ass'n, 390 U.S. 459, 463-64 (1968). The Supreme Court has explained that the intended purpose of modification based on a mistake of fact is to vest the fact-finder with broad discretion to correct mistakes, whether demonstrated by wholly new evidence, cumulative evidence or merely after further reflection on the evidence initially submitted. O'Keeffe v. Aerojet-General Shipyards, Inc., 404 U.S. 254, 257 (1971) (per curiam).
 
 
 9
 On appeal, the Director has filed a brief in which it agrees that substantial evidence supports the ALJ's findings that Johnson has not met his burden of proof to invoke the interim presumption under 20 C.F.R. §§ 727.203(a)(1), 727.203(a)(2), or 727.203(a)(3). However, the Director requests that the case be remanded because the ALJ allegedly mischaracterized the examination report of Dr. Domm when analyzing the evidence under § 727.203(a)(4), and because his rationale for assigning less weight to this report is "not fully evident" in his opinion and order. Further, the Director notes that the ALJ should have reviewed the claim under Part 718 rather than Part 410 in this case, after finding that Johnson was not entitled to benefits under Part 727.
 
 
 10
 Upon review, this court agrees that, because the ALJ failed to adequately consider Dr. Domm's report in weighing evidence relative to a finding of total disability under § 727.203(a)(4), the case should be remanded so that the ALJ may fully consider the content of that physician's opinion and provide sufficient rationale for accepting or rejecting the report. As the Director has pointed out, this mischaracterization of a relevant physician's opinion was not harmless error. On remand, the ALJ should also consider whether Johnson is entitled to benefits under Part 718 of the regulations, if the petitioner's claim fails under Part 727. Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989); Knuckles v. Director, OWCP, 869 F.2d 996, 999 (6th Cir.1989).
 
 
 11
 Accordingly, L & N Railroad is hereby dismissed as a party in this suit, and the BRB's decision is hereby VACATED and REMANDED, with the direction to remand to the ALJ in accordance with this order. Rule 9(b)(3), Rules of the Sixth Circuit.