103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mason PEACE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 96-3611.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1996.
 
 Ben.Rev.Bd., No. 95-0983 BLA.
 Ben.Rev.Bd.
 REVIEW DENIED.
 Before: MERRITT, KENNEDY, and GUY, Circuit Judges.
 
 ORDER
 
 1
 Mason Peace, proceeding pro se, petitions for review of a Benefits Review Board's decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Peace filed a claim for benefits on April 20, 1973. After the Department of Labor (DOL) administratively denied this claim, Peace requested a hearing before an administrative law judge (ALJ). Before a hearing was held, the claimant filed a second claim, on November 12, 1981. The DOL joined the first and second claims and denied them on January 12, 1982. Eventually, a hearing was held before an ALJ and, thereafter, the ALJ issued a decision and order denying benefits. The ALJ analyzed the appropriate relevant medical evidence under both Parts 718 and 727 of the regulations, and concluded that benefits should be denied. The Board's final decision, issued in April of 1996, affirmed the ALJ decision and order as supported by substantial evidence.
 
 
 3
 On appeal to this court, Peace argues that the ALJ and the Board did not fully consider the testimony given at his administrative hearing. Peace complains about the ALJ's reliance on x-ray readings by Drs. Cole, Elmer and Greene, and also complains that the medical evidence now being considered is outdated, because his claim is over 20 years old.
 
 
 4
 The Board's decision is supported by substantial evidence and is in accordance with the applicable law. Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir.1995); Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230-31 (6th Cir.1994). Peace's second claim was properly construed as a petition for modification under 20 C.F.R. § 725.310. Further, the ALJ properly applied Part 727 to analyze the claim, because Peace's first claim was filed before March 31, 1980. 30 U.S.C. § 902(f); 20 C.F.R. § 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989).
 
 
 5
 Peace could not establish the interim presumption of total disability or death due to pneumoconiosis arising out of coal mine employment, under § 727.203(a)(1), because there was no biopsy or autopsy evidence, and the x-ray readings weighed against a finding that Peace suffered from pneumoconiosis. See Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 146-49 (1987); Woodward v. Director, OWCP, 991 F.2d 314, 321 (6th Cir.1993); Back v. Director, OWCP, 796 F.2d 169, 172 (6th Cir.1986). Substantial evidence also supports the ALJ's conclusions that Peace could not invoke the presumption under §§ 727.203(a)(2), 727.203(a)(3), or 727.203(a)(4), based on the pulmonary function studies, blood gas studies, and physicians' opinions. Therefore, Peace was not entitled to benefits under Part 727 of the regulations.
 
 
 6
 Pursuant to this court's holdings in Ferda, 879 F.2d at 204, and in Knuckles v. Director, OWCP, 869 F.2d 996, 999 (6th Cir.1989), the ALJ properly considered Peace's claim under Part 718 after entitlement could not be established under Part 727. Although the ALJ determined that Peace suffered from pneumoconiosis, based on the physicians' opinions, see 20 C.F.R. § 718.202(a)(4), substantial evidence supports the ALJ's conclusion that Peace could not establish he was totally disabled due to that disease. 20 C.F.R. §§ 718.204(c)(1)-(5). Thus, Peace was not entitled to benefits under Part 718.
 
 
 7
 If Peace believes that the medical evidence of record is outdated, and if he has more recent medical evidence that shows he is now totally disabled from pneumoconiosis, he should file with the District Director a petition for modification within one year of a final denial of his claim. 20 C.F.R. § 725.310; Saginaw Mining Co. v. Mazzulli, 818 F.2d 1278, 1283 (6th Cir.1987).
 
 
 8
 Accordingly, this petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.