103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles E. LEINART, Petitioner,
v.
CUMBERLAND COAL CORPORATION; American & Foreign Insurance
Company; Director, Office of Workers'
Compensation Programs, United States
Department of Labor, Respondents.
 No. 96-3661.
 United States Court of Appeals, Sixth Circuit.
 Dec. 09, 1996.
 
 Ben.Rev.Bd., No. 96-283 BLA.
 Ben.Rev.Bd.
 REVIEW DENIED.
 Before: GUY, SUHREHEINRICH, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Charles E. Leinart, proceeding pro se, petitions for review of a Benefits Review Board's decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Leinart filed a claim for benefits on October 21, 1992. The Department of Labor (DOL) denied this claim. Within one year of that denial, Leinart submitted additional medical evidence to the DOL. The DOL considered this additional evidence as a request for modification under 20 C.F.R. § 725.310 and, again, denied benefits.
 
 
 3
 After a hearing was held, an administrative law judge (ALJ) issued a decision and order denying benefits. The Board affirmed the ALJ's decision as supported by substantial evidence. On appeal, Leinart argues that: 1) the agency did not give him his "coal mine credits"; and 2) the agency did not take into consideration his treating doctor's x-rays and diagnoses. Leinart has also filed a motion to proceed in forma pauperis.
 
 
 4
 This court concludes that the decision below is supported by substantial evidence and is in accordance with the applicable law. See Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir.1995); Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230-31 (6th Cir.1994); Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The ALJ properly construed Leinart's submission of additional evidence as a request for modification pursuant to 20 C.F.R. § 725.310. Saginaw Mining Co. v. Mazzulli, 818 F.2d 1278, 1283 (6th Cir.1987). Further, the ALJ properly considered all prior findings, along with the newly-submitted evidence, before concluding that Leinart was not entitled to benefits. 20 C.F.R. § 725.310(a); Banks v. Chicago Grain Trimmers Ass'n, 390 U.S. 459, 464 (1968); Worrell, 27 F.3d at 230.
 
 
 5
 Part 718 of the regulations applies to Leinart's claim, because it was filed after March 31, 1980. 20 C.F.R. § 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. §§ 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989).
 
 
 6
 Substantial evidence supports the ALJ's conclusion that the x-rays did not establish the existence of pneumoconiosis under 20 C.F.R. § 718.202(a)(1), because none of the five x-ray readings were positive for the disease. Leinart could not establish pneumoconiosis under § 718.202(a)(2), because there was no biopsy or autopsy evidence in the record. The presumption found in § 718.304 was not applicable to Leinart's claim, because there was no evidence of complicated pneumoconiosis. Leinart could not take advantage of the § 718.305 presumption, because his claim was filed after January 1, 1982. Finally, the presumption in § 718.306 applies only to survivors' claims.
 
 
 7
 Substantial evidence supports the ALJ's conclusion that Leinart did not establish pneumoconiosis by a physician's reasoned medical judgment. 20 C.F.R. § 718.202(a)(4). Although Dr. Hudson opined that Leinart's bronchitis could have been caused, in part, from his past coal mining experience, the ALJ determined that Dr. Hudson's equivocal statement did not meet the claimant's burden of proving the existence of pneumoconiosis under Part 718 of the regulations. The "new" medical evidence, submitted after the Director's first denial of benefits, included several examination reports by Dr. Beck. These examinations took place between May 28, 1993, and August 22, 1994. During this period of time, Dr. Beck made a number of diagnoses, but Dr. Beck never listed or diagnosed pneumoconiosis as one of Leinart's health conditions.
 
 
 8
 This court must defer to the ALJ's determinations of credibility and resolutions of inconsistencies in the testimony, including the weight to be accorded to these physicians' opinions. Worrell, 27 F.3d at 231. Thus, this court will not disturb the ALJ's conclusion that the medical evidence did not support a finding of pneumoconiosis under § 718.204(a)(4).
 
 
 9
 Substantial evidence also supports the ALJ's determination that Leinart did not show he was totally disabled due to pneumoconiosis. Total disability may be established through criteria set forth in § 718.204(c)(1)-(5). The ALJ considered the two pulmonary function studies of record and appropriately concluded that these tests did not establish total disability under § 718.204(c)(1). Because none of the blood gas studies produced qualifying results under the regulations, Leinart could not establish total disability under § 718.204(c)(2). There is no evidence showing that Leinart suffered from cor pulmonale; thus, Leinart also could not establish total disability under § 718.204(c)(3).
 
 
 10
 The two medical reports, by Drs. Hudson and Beck, do not support a conclusion that Leinart was totally disabled, because Dr. Hudson specifically stated that Leinart had "0% impairment," and Dr. Beck did not address the issue of disability, at all. Thus, the ALJ's determination that these opinions did not meet the claimant's burden of establishing total disability under § 718.204(c)(4) is also supported by substantial evidence.
 
 
 11
 Accordingly, Leinart's motion for in forma pauper status is granted for the limited purpose of deciding this matter, and his petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.