**R.J. JESSEE, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor; Westmoreland Coal Company, Incorporated, Respondents.**

No. 92–2279.

United States Court of Appeals, Fourth Circuit.

Argued July 28, 1993.

Decided Sept. 2, 1993.

Martin Douglas Wegbreit, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, VA, argued, for petitioner.

Rita A. Roppolo, U.S. Dept. of Labor, Washington, DC, argued (Marshall J. Breger, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Marta Kusic, Counsel for Appellate Litigation, U.S. Dept. of Labor, on brief), for respondent Director.

Douglas Allan Smoot, Jackson & Kelly, Charleston, WV, argued (Ann B. Rembrandt, on brief), for respondent Westmoreland Coal Co.

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

## OPINION

K.K. HALL, Circuit Judge:

R.J. Jessee petitions for review of an order of the Benefits Review Board (BRB) affirming the denial of his request for modification of an order denying black lung benefits. Concluding that the administrative law judge (ALJ) took an impermissibly narrow view of his authority to consider the request for modification, we remand the claim for reconsideration.

## I.

Jessee worked in the coal mines for at least seventeen years. He last worked in 1980, at the age of fifty. He never smoked, is modestly overweight (5' 10½"; 203 lb), and has only a third-grade education. He promptly filed a claim for black lung benefits upon leaving the mines. The eligibility criteria of the permanent regulations (20 C.F.R. Part 718) apply to his claim.

Four x-rays are in the record, one of which was read as positive for simple pneumoconiosis by a treating physician, but later re-read as negative by a "B" reader. The other three have been consistently read as negative.

Four pulmonary function tests were performed. Two yielded qualifying values. One out of four blood gas tests was qualifying.

Finally, the record contains various physician's reports, some finding Jessee totally disabled and others not. These reports also dispute the nature and severity of Jessee's respiratory problems.

In ruling that Jessee was not entitled to benefits, the ALJ made a patent error in finding that no pulmonary function studies yielded qualifying values, when two had (one of which, though, the ALJ had found invalid).

The BRB affirmed the denial of benefits. Jessee's petition for review to this court arrived a day late and was dismissed as untimely. *Jessee v. Westmoreland Coal Co.*, No. 87–3639, 1988 WL 54067 (4th Cir. May 24, 1988).

Jessee then filed a request for modification with the Deputy Commissioner[1] of Labor pursuant to 20 C.F.R. § 725.310(a). Modification may be sought based upon a change in condition or a mistake in determination of fact at the time of the previous claim denial. The deputy commissioner denied Jessee's request on November 9, 1988. Jessee then sought a hearing, and the claim was referred to an ALJ. 20 C.F.R. §§ 725.310(c), 725.421. The employer moved for summary judgment, which the ALJ granted on July 6, 1989. The ALJ held that neither a deputy commissioner nor an ALJ has the authority to review the prior decision of another ALJ or the BRB.

Jessee appealed to the BRB, arguing, among other things, that the original ALJ's finding that there were no qualifying pulmonary function tests was a mistake of fact. In its response, the Director agreed with Jessee that a mistake of fact had occurred. Moreover, the Director contended that, even if Jessee had not identified a glaring, specific error, the ALJ had the duty and full authority to review any and all prior findings of fact under the modification procedure. Accordingly, the Director advised the BRB that the claim should be remanded to the ALJ.

Ignoring the Director's guidance, the BRB affirmed, in an opinion that does not mention the mistaken finding on the pulmonary function test. The BRB cited our decision in *Lee v. Consolidation Coal Co.*, 843 F.2d 159 (4th Cir.1988), as support for the ALJ's holding that he lacked authority to review the prior denial of benefits.

Jessee petitions for review.

## II.

■ Unsuccessful black lung claimants may, within a year of the final order, request modification of the order. The deputy commissioner must review the request and may grant modification if there are changed circumstances or there was a mistake in a determination of fact in the earlier decision. 20 C.F.R. § 725.310(a). Like other procedural provisions, the Black Lung Act's modification rule is incorporated from the Longshore and Harbor Workers' Compensation Act. 30 U.S.C. § 932(a) (incorporating 33 U.S.C. § 922). In construing the Longshore Act provision, the Supreme Court described the deputy commissioner's authority in almost limitless terms:

> The plain import of [the modification statute] was to vest a deputy commissioner with broad discretion to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted.

the term used in the relevant statute and regulations.

---

1. Deputy commissioners are now known as "district directors," but, for clarity's sake, we follow

*O'Keeffe v. Aerojet–General Shipyards, Inc.,* 404 U.S. 254, 256, 92 S.Ct. 405, 407, 30 L.Ed.2d 424 (1971) (per curiam).

Thus, a claimant may simply allege that the ultimate fact—disability due to pneumoconiosis—was mistakenly decided, and the deputy commissioner may, if he so chooses, modify the final order on the claim. There is no need for a smoking-gun factual error, changed conditions, or startling new evidence.

■ Here, there is an undeniably erroneous factual finding in the ALJ's initial opinion denying benefits—at least one valid pulmonary function test yielded qualifying values. That mistake unquestionably triggers the deputy commissioner's (or an ALJ's [2]) authority to modify the denial of benefits to Jessee.

The ALJ ruled here that he had no authority to consider the modification request. The Director insists that the ALJ was wrong, and he requests that the matter be remanded for a hearing to determine whether the finding of ultimate fact—Jessee's eligibility for benefits—should be modified. The Director's interpretation of 20 C.F.R. § 725.310(a) is entitled to "substantial deference 'unless it is plainly erroneous or inconsistent with the regulation.'" *Mullins Coal Co. v. Director, OWCP,* 484 U.S. 135, 159, 108 S.Ct. 427, 440, 98 L.Ed.2d 450 (1987) (quoting *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945)).

## III.

### A.

■ The employer offers two arguments against deferring to the Director's interpretation. First, it asserts that "to permit modification in this case would totally abrogate the principle of finality of judicial determinations." Employer's brief at 9. That may be, but the "principle of finality" just does not apply to Longshore Act and black lung claims as it does in ordinary lawsuits. *Banks v. Chicago Grain Trimmers Ass'n,* 390 U.S. 459, 461–465, 88 S.Ct. 1140, 1142–1145, 20 L.Ed.2d 30 (1968) (Longshore Act's modification provision displaces *res judicata*). As the Court held emphatically in *O'Keeffe,* the statute and regulations give the deputy commissioner the authority, for one year after the final order on the claim, to simply rethink a prior finding of fact. Thus, to the extent the "principle of finality" ever applies to black lung claims, it was not triggered here, because Jessee requested modification before a year passed.

### B.

■ Second, the employer asserts that Jessee's complaint about the pulmonary function test finding involves an error of "law" rather than "fact." This dubious [3] assertion is irrelevant. As we stated above, the pulmonary function test error, though it may ultimately prove useful to Jessee, is not an essential underpinning of his right to seek

---

2. In *Lee,* contrary to the suggestion in the BRB's opinion, we quite explicitly refused to address the scope of the deputy commissioner's modification authority. 843 F.2d at 160 n. 2. Since we decided *Lee,* the Seventh Circuit has convincingly explained why the modification authority *appears* to be broader under the regulation (20 C.F.R. § 725.310(a)) than under the statute (33 U.S.C. § 922). *Eifler v. OWCP,* 926 F.2d 663, 665–666 (7th Cir.1991) (passage of Administrative Procedures Act in 1972 divided historical powers of deputy commissioners among commissioners and newly created ALJs). Thus, the word "deputy commissioner" in the statute (which predates enactment of the APA) includes an ALJ to whom a modification request has been referred under 20 C.F.R. § 725.421.

3. *See, Amax Coal Co. v. Franklin,* 957 F.2d 355 (7th Cir.1992), where the court discusses the nature of "findings" in a black lung case. According to the *Amax* court, a finding made by restating the raw facts in terms of art defined by the regulations—like whether a pulmonary function test is "qualifying"—operates as a medical judgment even though

> it is not a straightforward medical judgment. It might better be classified as a "mixed question of fact and law" or an "ultimate fact" rather than as a plain-vanilla fact. But for many legal purposes (appellate review, for example) such facts, though they are not facts in the lay sense but are instead the outcome of applying legal standards to facts, are treated like facts, and one of those purposes we think should be that of deciding whether a black lung case should be reopened.

957 F.2d at 358.

modification. If a claimant avers generally that the ALJ improperly found the ultimate fact and thus erroneously denied the claim, the deputy commissioner (including his ALJ incarnation) has the authority, without more, to modify the denial of benefits. We suspect that such uncompelled changes of mind will happen seldom, if at all, but the power is undeniably there.

In sum, we find that the Director's interpretation of the modification regulation is entitled to deference, and a remand for full consideration of Jessee's modification request is therefore required.

## IV.

In his brief, Jessee asks us to go far beyond merely ordering consideration of the merits of his request for modification and to actually direct an award of benefits. He relies most heavily on the "true doubt" rule. *See Greer v. Director, OWCP*, 940 F.2d 88, 91 (4th Cir.1991). Jessee did not press this point at argument, and we will not address the merits. There have not yet been any facts found in the modification procedure, and there is thus nothing for us to review. If the evidence proves to be as clearly cut in his favor as Jessee predicts, we would expect the ALJ to award benefits. In any event, his rights to seek review by the BRB and by us will adequately protect him from an arbitrary denial.[4]

REMANDED.

---

4. We do note that the regulations permit any party to submit additional evidence in the modification proceeding. 20 C.F.R. § 725.310(b).