17 F.3d 1434
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Aubrey PERKINS, Petitioner,
v.
ISLAND CREEK COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-1490.
 United States Court of Appeals, Fourth Circuit.
 Submitted: September 7, 1993.
Decided: February 17, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (91-1976-BLA)
 Aubrey Perkins, Petitioner Pro Se. Douglas Allan Smoot, Jackson & Kelly, Charleston, West Virginia; Marta Kusic, Staff Attorney, Nancy Grace Feeney, United States Department of Labor, Washington, D.C., for Respondents.
 Ben.Rev.Bd.
 REMANDED.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Aubrey Perkins petitions for review of the Benefits Review Board's decision and order affirming the administrative law judge's denial of his request for modification of the denial of his claim for black lung benefits pursuant to 30 U.S.C.A. # 8E8E # 901-945 (West 1986 & Supp.1993). Our review of the record discloses that the administrative law judge erroneously limited his consideration to the new evidence presented by Perkins with his request for modification. Under the liberal modification procedure, an ALJ has full authority to review all of the evidence and even to overturn the findings of a previous ALJ if he determines that those findings contain a"mistake of fact." Jessee v. Director, OWCP, 5 F.3d 723 (4th Cir.1993). Consequently, we remand for reconsideration on the full evidentiary record.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 *
 Perkins attempts to submit additional evidence on appeal. Though we cannot and need not consider this evidence, the ALJ may do so on remand. Not anticipating our remand order, the Director filed a "motion for clarification" asking us to inform Perkins that the Director would assist him in filing a new request for modification. Remand moots the Director's motion