**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

J. O. LIVELY CONSTRUCTION
COMPANY,
Petitioner,

v.

RALPH MANNING, Deceased;
DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

No. 97-2441

On Petition for Review of Orders
of the Benefits Review Board.
(95-2148-BLA, 92-1841-BLA)

Submitted: May 19, 1998

Decided: June 29, 1998

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William H. Howe, Mary Lou Smith, HOWE, ANDERSON &
STEYER, P.C., Washington, D.C., for Petitioner. Robert F. Cohen,
Jr., COHEN, ABATE & COHEN, L.C., Fairmont, West Virginia;
Marvin Krislov, Deputy Solicitor for National Operations, Donald S.
Shire, Associated Solicitor, Christian P. Barber, Rita Roppolo,

UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.,
for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

J.O. Lively Construction Company ("employer") petitions for
review of a decision of the Benefits Review Board ("Board") affirm-
ing the administrative law judge's ("ALJ") award of black lung bene-
fits to Ralph Manning, a deceased former coal miner. The first
hearing on Manning's claim took place in 1987 before ALJ Marden.
In his 1988 decision, the ALJ credited Manning with 30 years of coal
mine employment and evaluated the claim under 20 C.F.R. Part 718
(1997), of the applicable regulations. He found the evidence of record
insufficient to directly prove the existence of pneumoconiosis under
20 C.F.R. § 718.202(a) (1997). The ALJ recognized that because of
the length of his coal mine employment, Manning could establish a
rebuttable presumption of entitlement through 20 C.F.R. § 718.305
(1997), by establishing a totally disabling respiratory impairment. By
so doing, Manning could receive a rebuttable presumption that all ele-
ments of his claim, including pneumoconiosis, had been established.

Although Manning's pulmonary function studies qualified under
Appendix B of the regulations, reflecting a disabling respiratory
impairment, the ALJ found no total disability based on his view that
the ventilatory studies were outweighed by the non-qualifying blood
gas studies and the medical opinions of Drs. Salom, Daniel, and Zal-
divar, who the ALJ found considered the ventilatory evidence in ren-
dering their opinions. Drs. Salom and Daniel actually collaborated on
a single report and found no evidence of significant pulmonary dys-
function. Dr. Zaldivar found a moderate obstructive impairment
which he opined would limit the miner's work activities to a "mild
level."

2

The Board affirmed ALJ Marden's decision and Manning filed a petition for modification under 20 C.F.R. § 725.310 (1997), which permits any party to seek reconsideration within one year of a decision if he can establish either a material change in conditions or a mistake of fact. Id. Together with this petition Manning submitted new medical evidence, some of which he possessed at the time the case was originally before the district director (called "deputy commissioners" at the time) but never submitted. This "deputy commissioner" evidence consisted of pulmonary function studies and blood gas studies performed on October 19, 1982, and November 8, 1992, a 1982 medical opinion from Dr. Rasmussen, and an opinion from the West Virginia Occupational Pneumoconiosis Board.

ALJ Neusner initially considered Manning's modification petition. He admitted medical evidence submitted by both parties, including the deputy commissioner evidence, into the record without objection, but remanded the claim to the deputy commissioner because some of the evidence had never been considered at the deputy commissioner level. When the case returned to the ALJ level, ALJ Neusner was unavailable, so the claim was assigned to ALJ Levin.

In his first consideration of the claim, ALJ Levin found that Manning could not submit the deputy commissioner evidence because he could not establish extraordinary circumstances permitting admission of evidence which could have been submitted earlier, in accordance with 20 C.F.R. § 725.456(d) (1997). Because he viewed this evidence as the basis for Manning's claim of a mistake of fact, he found no mistake of fact. He further found, however, that the evidence developed since ALJ Marden's decision established a change in conditions that warranted granting modification and an award of benefits. He found that new qualifying ventilatory studies established total disability in the absence of contrary probative evidence. He further determined that non-qualifying blood gas tests conducted after the original denial did not negate the qualifying ventilatory evidence because pulmonary function studies and blood gas studies measure different types of impairment. Because he found that employer submitted no evidence contrary to the qualifying ventilatory studies, the ALJ found disability and awarded benefits.

Employer appealed the finding of a change in conditions and Manning appealed the finding of no mistake of fact. Manning desired that

3

the finding of modification be based on a mistake of fact rather than a change in conditions because a finding of mistake of fact would result in an earlier onset date for the commencement of benefit payments. The Board vacated the ALJ's finding of a change in conditions based on its finding that the ALJ erred by considering only the new evidence, rather than the new evidence in conjunction with the old evidence, to determine this issue. The Board also vacated the ALJ's finding of no mistake of fact so that he could reconsider this issue in accordance with this Court's then recent decision in Jessee v. Director, Office of Workers' Compensation Programs, 5 F.3d 723 (4th Cir. 1993).

In his decision on remand, ALJ Levin considered all the evidence of record, including the deputy commissioner evidence. He found consideration of this evidence proper in light of the liberal standards of Jessee, and because employer had not objected when this evidence was entered into the record before ALJ Neusner. As in his first consideration of the claim, all conforming ventilatory studies of record were qualifying. Again, he found that the non-qualifying blood gas studies did not undermine the tendency of the ventilatory studies to establish disability. He found that the only other potentially contrary evidence of record consisted of the reports of Drs. Daniel (which was also Dr. Salom's report) and Zaldivar. Unlike ALJ Marden, however, he rejected Dr. Daniel's opinion because he failed to reconcile his finding of no significant respiratory dysfunction with the ventilatory evidence. He also rejected Dr. Zaldivar's finding of no total disability because his report failed to reflect that the doctor was aware of the exertional requirements of Manning's last coal mine job. Hence, ALJ Levin again awarded benefits, this time based upon a mistake of fact. The Board affirmed.

In Jessee, we held that the statutory and regulatory provisions relating to modification in black lung cases give deputy commissioners authority, for one year after the final order on a claim, "to simply rethink a prior finding of fact." Id. at 725. We stated, "[t]hus, a claimant may simply allege that the ultimate fact -- disability due to pneumoconiosis -- was mistakenly decided, and the deputy commissioner may, if he so chooses, modify the final order on the claim." Id. We also noted in Jessee that although the underlying authorities use the term "deputy commissioners," that term includes ALJs. Id. at 725 n.2.

4

Employer contends, however, that a finding of a mistake of fact would be improper in this case, because such a finding would be improperly based upon the deputy commissioner evidence which should not have been considered. We find it unnecessary to resolve whether this evidence was properly considered, however, because we find that even excluding such evidence, there is no doubt that the ALJ's ruling would have been the same. The qualifying ventilatory studies he considered were merely cumulative of other qualifying studies performed both before and after the disputed studies, and all conforming studies of record were qualifying. The only other deputy commissioner evidence favorable to Manning which the ALJ considered was the report of Dr. Rasmussen. But Dr. Rasmussen's finding that the miner could only perform sedentary work is essentially the same as the finding of Dr. Scott, employer's physician, that the miner could only perform "light" work in view of his respiratory impairment.

The real key to the ALJ's finding of disability was the employer's inability to submit contrary and probative evidence to outweigh the ventilatory evidence of disability. A claimant may invoke the presumption at § 718.305 by establishing total disability in accordance with the criteria set forth in § 718.204. See 20 C.F.R. § 718.305(c) (1997). Under § 718.204, a miner establishes disability by any one of the four alternative means set forth in that section, in the absence of contrary probative evidence. Lane v. Union Carbide Corp., 105 F.3d 166, 171 (4th Cir. 1997). One way to preliminarily establish disability under § 718.204 is through qualifying pulmonary function studies. Thus, contrary to employer's contention, the ALJ did not improperly shift the burden of proof in this case when weighing the relevant evidence under § 718.204, but properly found that the qualifying ventilatory evidence established disability in the absence of contrary evidence.

Next, the ALJ properly found that the non-qualifying blood gas evidence did not constitute contrary probative evidence because those tests measure a different type of impairment than the kind measured by ventilatory studies. See Tussey v. Island Creek Coal Co., 982 F.2d 1036, 1041 (6th Cir. 1993). He then properly rejected Dr. Daniel's opinion, which was contrary to the ventilatory evidence, because he failed to reconcile his opinion with the contrary objective evidence.

5

See Hobbs v. Clinchfield Coal Co., 45 F.3d 819, 823 (4th Cir. 1995). Particularly where the ventilatory evidence uniformly established the existence of a significant impairment, the ALJ could rationally question the validity of an opinion that found the opposite without explanation for the discrepancy.

Finally, the ALJ discredited the report of Dr. Zaldivar, whose opinion constituted the only remaining contrary evidence, because his report did not reflect that he was aware of the exertional requirements of the miner's usual coal mine work. There is no dispute that an ALJ may reject a report on this basis. See Walker v. Director, Office of Workers' Compensation Programs, 927 F.2d 181, 183 (4th Cir. 1991). Moreover, substantial evidence supports the ALJ's determination in this case. Dr. Zaldivar found that Manning could perform the job of a truck driver and mechanic. He found the miner's work activities restricted to a "mild level." The record, however, reflects that the miner's last job was as a millwright, requiring him to hang and load steel, unload trucks containing steel, and carry heavy objects up flights of stairs. As the ALJ noted, Dr. Zaldivar did not consider these occupational requirements.

Employer also asserts that the fact that ALJ Levin weighed the evidence differently from ALJ Marden demonstrates that he found modification based on a finding of a mistake of law, not fact. We disagree. As reflected by the language quoted above from Jessee, disability is the ultimate fact the ALJ must find. Moreover, there can be no doubt that an ALJ's weighing of the evidence is intensely factual, even though it must, of course, be done in accordance with law.

Employer finally avers that modification would not be in the interest of justice in this case. Such inquiry is not part of the analysis employed by this Court in black lung modification cases, and we decline to require consideration of this factor. Moreover, we note, in any event, that the cases employer cites in support of its position on this point are inapposite to this case and therefore fail to persuade us that the grant of modification in this case resulted in any injustice.

Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are ade-

6

quately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7