UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHANNON-POCAHONTAS MINING
COMPANY,
Petitioner,

v.

No. 98-2390

WILLIAM C. THOMAS; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(97-1738-BLA)

Submitted: March 16, 1999

Decided: April 13, 1999

Before HAMILTON and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William T. Brotherton, III, SPILMAN, THOMAS & BATTLE,
P.L.L.C., Charleston, West Virginia, for Petitioner. Frederick K.
Muth, HENSLEY, MUTH, GARTON & HAYES, Bluefield, West
Virginia, for Respondent Thomas; Henry L. Solano, Solicitor of

Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Patricia M. Nece, Counsel for Appellate Litigation, Rita A. Roppolo, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Shannon-Pocahontas Mining Company ("employer") petitions for review of a decision of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") award of black lung benefits to William Thomas, a former coal miner. This case has a lengthy procedural history. Thomas filed a claim for benefits in September 1982. ALJ Robert Shea issued a decision in 1988 finding that Thomas established pneumoconiosis but failed to establish the presence of a totally disabling pulmonary impairment, a critical element to his claim. Accordingly, benefits were denied.

Thomas appealed to the Board, which remanded for ALJ Shea to reconsider the issue of total disability in light of conflicting evidence relating to the exertional requirements of Thomas' job. ALJ Shea's opinion had relied on medical opinions that assumed that the miner's usual coal mine employment involved only light and sedentary work. On remand, ALJ Shea found, in a decision dated May 8, 1991, that Thomas' duties as a section foreman and evening shift mine foreman involved only light and sedentary work. The ALJ rejected Thomas' testimony that his job frequently required him to perform the moderate to heavy work of the classified employees he supervised. Thomas stated that absences were almost a daily occurrence and that if he did not assume the responsibilities of absentees production levels would drop, a result for which he would face responsibility. But ALJ Shea rejected this claim, as the vocational expert did in reaching her opin-

2

ion, on the ground that there was no dispute that Thomas' union contract did not require him to perform the work of classified employees. Hence, the ALJ again credited the medical opinions of record that found that Thomas was not totally disabled because he retained the respiratory capacity to perform light work, and rejected the reports of record that found that Thomas was totally disabled based on the assumption that his job required him to perform heavy work.

In December 1991, Thomas filed a timely petition for modification of ALJ Shea's decision on remand. He received a hearing before ALJ Sheldon Lipson, who issued a decision in September 1993, which concluded that ALJ Shea's finding that Thomas' last usual coal mine employment required only light labor was unchallenged on the modification hearing. ALJ Lipson therefore found that because the medical opinion evidence established that Thomas could perform light work, he was not totally disabled.

On October 25, 1993, Thomas filed a second petition for modification, this time with supporting affidavits from three section foremen who had worked with him stating that the vocational expert ALJ Shea relied upon erroneously concluded that the job of section foreman required only light to sedentary work. These affidavits corroborated Thomas' testimony that a section foreman risked dismissal if he did not perform the moderate to heavy work of absent classified miners, and that such absenteeism occurred virtually every day. ALJ Lipson found that he was without jurisdiction to consider the petition, on the grounds that it was both untimely and barred by res judicata.

ALJ Lipson found that 20 C.F.R. § 725.310 (1998), which requires the filing of a petition for modification within one year of a prior denial, permitted Thomas to challenge ALJ Shea's findings concerning the exertional requirements of his employment only within one year of ALJ Shea's determination regarding that issue. Because Thomas' second petition for modification was not filed within one year of ALJ Shea's determination, ALJ Lipson found the claim to be time-barred. Moreover, ALJ Lipson reasoned, Thomas' failure to challenge the exertional requirement finding in his first petition precluded consideration of the issue under res judicata principles.

Thomas appealed again to the Board, which vacated and remanded based on its reasoning that a timely petition for modification permits

3

reconsideration of all issues, and that the doctrine of res judicata does not apply to modification petitions. Employer petitioned for review of the Board's decision, but the petition was dismissed by this court as interlocutory in April 1996.

On remand, the claim was assigned to ALJ Edith Barnett because ALJ Lipson was no longer available. ALJ Barnett credited Thomas' testimony and the affidavits of his co-workers stating that even though they were not contractually required to perform classified work, as a practical matter it was necessary to do so in order to maintain production and keep their jobs. She therefore concluded that the prior determinations that Thomas' usual coal mine employment involved only light or sedentary work were erroneous. And, because ALJ Barnett rejected the report of the only one of the several physicians of record who had opined that Thomas could perform moderate to heavy work, she found that the ultimate issue of fact in dispute -- Thomas' total disability -- was wrongly determined. Accordingly, she found total disability established and awarded benefits.

Employer appealed to the Board, arguing that Thomas' modification request was barred by res judicata, that it was denied the right to submit evidence to rebut the affidavits submitted by Thomas, and that ALJ Barnett erred by finding Thomas' usual coal mine employment to be that of a section foreman, when his testimony established that his last job was as an assistant mine foreman. In a split panel decision, the Board reiterated its prior conclusion that res judicata was inapplicable, found that employer had ample rebuttal opportunities, and concluded that, while ALJ Barnett had erred by finding Thomas' usual coal mine employment was as a section foreman rather than as an assistant mine foreman, the error was harmless, inasmuch as Thomas testified that as an assistant foreman he sometimes had to substitute for section foremen, rendering the exertional requirements of both jobs essentially identical.

Administrative Appeals Judge Roy Smith filed a separate opinion, concurring in part and dissenting in part. He concurred in the majority's holdings except with respect to the determination that the ALJ's error regarding Thomas' precise position was harmless. Judge Smith thought that an ALJ should determine, in the first instance, whether the jobs of section foreman and assistant mine foreman are identical.

4

He thought it was unclear whether an assistant mine foreman frequently performed the duties of classified employees, partly because it was unknown how often an assistant mine foreman had to substitute for absent section foremen, and partly because it was unclear how often section foremen, in turn, had to substitute for absent classified employees.

Employer then filed the instant petition for review of the Board's decision. We review that decision only for errors of law and to verify that the Board applied the proper standard in reviewing the ALJ's factual determinations. See Doss v. Director, OWCP, 53 F.3d 654, 658 (4th Cir. 1995).

Before us, employer argues that ALJ Lipson properly found that Thomas' attempts to challenge ALJ Shea's prior findings of fact concerning the exertional requirement of his employment were both time-barred and barred by the doctrine of res judicata. Employer further contends that, even if Thomas could pursue these issues, he could not do so by presenting affidavits that were reasonably ascertainable and could have been produced at the initial hearing or first modification proceeding. Finally, employer contends that ALJ Barnett's erroneous finding concerning Thomas' last usual coal mine employment position was not harmless.

We first consider the employer's res judicata contention, which requires that we start with the modification procedures applicable to black lung claims that are found in 33 U.S.C. § 922 (1994) and 20 C.F.R. § 725.310 (1998). These permit the deputy commissioner to, based upon a change in conditions or mistake in a determination of fact, reconsider an award or denial of benefits at any time within one year of the last payment of compensation or rejection of the claim. See id. Concerning the scope of § 922, the Supreme Court has held: "There is no limitation to particular factual errors, or to cases involving new evidence or changed circumstances." O'Keefe v. Aerojet-General Shipyards, 404 U.S. 254, 255 (1971). Rather, the Court found, the "plain import" of § 922 is "to vest a deputy commissioner with broad discretion to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted." Id. at 256. Citing this language, we previously have recognized that the Supreme Court

5

views the fact finder's authority in modification proceedings to be "almost limitless," Jessee v. Director, OWCP, 5 F.3d 723, 724 (4th Cir. 1993), and that an ALJ has the authority and duty "to review any and all prior findings of fact under the modification procedure." Id. Relying on these principles, we have therefore held that "`principle[s] of finality just do[ ] not apply to . . . black lung claims as [they] do in ordinary lawsuits. Id. at 725 (citing Banks v. Chicago Grain Trimmers Ass'n, 390 U.S. 459, 461-65 (1968) (holding that modification provision displaces res judicata)). We have stated:

> As the Court held emphatically in O'Keefe, the statute and regulations give the deputy commissioner the authority, for one year after the final order on the claim, to simply rethink a prior finding of fact. Thus, to the extent the"principle of finality" ever applies to black lung claims, it[is] not triggered . . . [where the claimant] requested modification before a year passed.

Id.

Accordingly, we reject employer's contention that Thomas' modification petition was barred by res judicata. Moreover, because it would be contrary to the principles stated above to hold that an ALJ may reconsider any previously determined fact, but may not reconsider the evidence bearing on such facts, we also reject employer's contention that the ALJ could not consider the affidavits of Thomas' co-workers. In any event, we note that employer waived this argument by failing to raise it before the Board. See Curry v. Beatrice Pocahontas Coal Co., 67 F.3d 517, 521 (4th Cir. 1995).

We also reject employer's contention that Thomas' second modification petition was not timely filed. That petition was filed within one year of ALJ Lipson's September 1993 decision and was therefore timely. See 20 C.F.R. § 725.310(a) ("upon the request of any party . . . the deputy commissioner may . . . at any time before one year after the denial of a claim, reconsider the . . . denial"); see also Lisa Lee Mines v. Director, OWCP, 86 F.3d 1358, 1364 (4th Cir. 1996) (noting that "[a]ny claimant who wants to be a perpetual litigator can . . . be a perpetual litigator" by filing successive petitions for modification); cert. denied, 519 U.S. 1090 (1997).

6

Finally, concerning the dispute over the exertional requirements of Thomas' job, we note that both ALJ Barnett's decision and some of the prior decisions of record erroneously refer to Thomas' usual coal mine work as that of a section foreman. The confusion stems from the fact that Thomas worked as a section foreman for many years until the last year of his employment, when he worked as an assistant mine foreman, and from the fact that the affidavits Thomas submitted relate specifically to the job of section foreman. Thomas testified, however, that both jobs required him to engage in moderate to heavy exertion because of the need to substitute for classified employees when they were absent. ALJ Shea discredited that testimony because it was undisputed that foremen were not contractually required to perform such work.

ALJ Shea, of course, did not have before him the affidavits of the three former section foremen stating that section foremen were required, as a practical matter, to perform the work of classified employees despite the language of their contracts. And, relying on these affidavits, ALJ Barnett found that the prior factual determination that Thomas' section foreman job required only light work was mistaken. As the Board noted, however, Thomas' last position was one of assistant mine foreman, not section foreman. The Board went on to find ALJ Barnett's error in this regard harmless, noting that Thomas testified that as an assistant mine foreman, his responsibilities included working in the place of absent section foreman. The Board concluded: "Inasmuch as claimant's duties as an assistant mine foreman also included the duties of a section foreman, the exertional requirements of the two positions are essentially identical." (J.A. 212) We find no error in this conclusion.

Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7