UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

STEVENS SHIPPING COMPANY,
                        *Petitioner,*

                v.

FRANK KINLAW; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,

                        *Respondents.*

No. 99-1954

On Petition for Review of an Order of the
Benefits Review Board.
(98-1180)

Argued: April 5, 2000

Decided: December 8, 2000

Before LUTTIG and MICHAEL, Circuit Judges, and
Claude M. HILTON, Chief United States District Judge
for the Eastern District of Virginia,
sitting by designation.

_____

Affirmed by unpublished opinion. Chief Judge Hilton wrote the opinion, in which Judge Luttig and Judge Michael joined.

_____

## COUNSEL

**ARGUED:** Bert Glenn Utsey, III, SINKLER & BOYD, P.A., Charleston, South Carolina, for Stevens Shipping. Laura Jessica

Stomski, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Director. Edward Paul Gibson, RIESEN LAW FIRM, L.L.P., North Charleston, South Carolina, for Kinlaw. **ON BRIEF:** Henry L. Solano, Solicitor of Labor, Carol A. De Deo, Associate Solicitor for Employee Benefits, Samuel J. Oshinsky, Counsel for Longshore, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Director.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

HILTON, Chief District Judge:

Petitioner, Stevens Shipping Company, seeks review of a final order of the Benefits Review Board ("BRB") affirming an award of compensation to its former employee, Frank Kinlaw, under the Longshore and Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq*. Mr. Kinlaw was awarded benefits under the LHWCA by Order of Adminstrative Law Judge ("ALJ") Vivian Schreter-Murray on July 30, 1996. The ALJ subsequently denied Petitioner's motion for reconsideration by Order dated August 27, 1996, and that Order was affirmed on appeal by the BRB on August 20, 1997.

Thereafter, pursuant to Section 22 of the LHWCA, 33 U.S.C. § 922, Petitioner filed a petition for modification with the ALJ. The ALJ denied the Petition by Order on March 5, 1998, and on April 27, 1998, denied Petitioner's petition for reconsideration and request for formal hearing. Petitioner appealed to the BRB which affirmed those Orders in a decision dated May 17, 1999. Petitioner now appeals that decision.

I.

On August 1, 1993, Respondent Frank Kinlaw ("Kinlaw") sustained a work-related injury to his back while employed by Petitioner,

Stevens Shipping Company ("Stevens Shipping"). It is undisputed that Kinlaw suffered a "34% permanent impairment rating of the spine," and that his ability to stand or sit for extended periods of time was severely restricted. The primary issue disputed at the time of the initial hearing involved the requirements of Kinlaw's job and whether Kinlaw was physically capable of returning to work or whether he was rendered permanently partially disabled due to the injury.

In her initial Decision and Order, the ALJ found that Kinlaw was unable to return to his pre-injury duties with Stevens Shipping as a flagman/footman. She noted that Kinlaw's treating physician, Dr. Forrest, stated that, based on his understanding of the job's requirements, the job was within Kinlaw's physical capabilities. Based, however, on a description of Kinlaw's former job duties prepared by Stevens Shipping, on the testimony of Kinlaw, and on Stevens Shipping's safety man, Mr. LeBlanc, the ALJ found that Dr. Forrest's understanding of the requirements of Kinlaw's job was faulty. She determined that Kinlaw's pre-injury job required standing most of the time, and that the opportunity to sit or stand was dictated by the work being performed. Accordingly, the ALJ discredited Dr. Forrest's testimony and found that Kinlaw was entitled to permanent partial disability compensation commencing March 14, 1994.

Following an unsuccessful appeal of that decision to the BRB, Stevens Shipping, on January 23, 1998, sought to terminate Kinlaw's permanent partial disability pursuant to a motion for modification under Section 22 of the LHWCA. In its petition for modification, Stevens Shipping attached a letter dated November 5, 1997, written by its counsel, posing several questions to Dr. Forrest. In the letter, Dr. Forrest stated that following the initial hearing on Kinlaw's disability, he personally observed footmen and flagmen at the Port of Charleston for about one hour, and he reviewed a video tape of those jobs. Based on those observations, Dr. Forrest reiterated his earlier opinion that Kinlaw's injury did not preclude his return to his former employment. Stevens Shipping argued in its motion for modification that Dr. Forest's further observations constituted new evidence that rendered the ALJ's determination of benefits erroneous and based on a mistake of fact. The ALJ summarily denied Stevens Shipping's request for a hearing and denied its motion for modification. In doing so, the ALJ found that the "new evidence" of Dr. Forrest's observations was read-

ily available to Stevens Shipping at the initial hearing, and that his latest testimony was still unpersuasive in light of the other evidence previously presented. On appeal to the BRB, Stevens Shipping made two contentions: 1) the ALJ erred under Section 22 of the LHWCA by not holding a formal evidentiary hearing to consider the merits of Petitioner's mistake of fact claim; and 2) the ALJ violated the Administrative Procedure Act, 5 U.S.C. § 557, by considering Dr. Forrest's opinion without formally admitting it in the record.

On the first basis for appeal, the BRB found that the ALJ's decision constituted a rational exercise of her discretionary authority and that there was no reversible error in her determination that Petitioner should have anticipated the need to develop Dr. Forrest's opinion more fully at the time of the initial proceeding. With respect to Stevens Shipping's argument under the APA, the BRB found that Petitioner's claim was "technically correct," but found that the error was harmless. Petitioner now challenges those holdings.

## II.

Section 22 of the LHWCA provides, in pertinent part:

> Upon his own initiative, or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner [the ALJ], the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation . . . review a compensation case in accordance with the procedure prescribed in respect of claims in Section 19. . . .

33 U.S.C. § 922. Section 19 states:

> The deputy commissioner shall make or cause to be made such investigations as he considers necessary in respect of the claim, and upon application of any interested parties shall order a hearing thereon.

33 U.S.C. § 919(c). Petitioner asserts that Dr. Forest's visit to the work site to view Respondent's job duties firsthand qualifies as new

evidence sufficient to render the ALJ's initial determination a mistake of fact entitling Petitioner to an evidentiary hearing. Petitioner, along with co-respondent, the Director of the Office of Workers' Compensation Programs ("the Director"), cites *Banks v. Chicago Grain Trimmers Ass'n*, 390 U.S. 459 (1968), and *O'Keeffe v. Aerojet-General Shipyards, Inc.*, 404 U.S. 254 (1971), for the proposition that the ALJ has broad discretion to reopen cases under Section 22 "to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted." *O'Keeffe*, 404 U.S. at 255-56. Indeed, unlike other areas of law in which finality of judgment is given great weight, Section 22 grants the ALJ enormous discretion to "simply rethink a prior finding of fact." *Jesse v. Director, OWCP*, 5 F.3d 723, 725 (4th Cir. 1993). As we stated in *Jesse*, "the principle of finality just does not apply to Longshore Act . . . claims as it does in ordinary lawsuits." *Id.* Yet, while Petitioner places great emphasis in its brief on the broad discretion afforded to the ALJ in deciding upon modification petitions, Petitioner does not cite a single authority in which the ALJ was required to exercise that discretion. *Banks* and *O'Keeffe* may support the argument that in this case the ALJ could have reconsidered her initial decision and ordered an evidentiary hearing. They do not, however, support the claim that she must do so. *See Banks*, 390 U.S. at 464 ("The purpose of [Section 22] was to 'broaden the grounds on which a deputy commissioner *can* modify an award' by *allowing* modification where a 'mistake in determination of fact makes such modification desirable in order to render justice under the act.'" (emphasis added) (citation omitted)); *O'Keeffe*, 404 U.S. at 255 ("[Section 22] *permits* a reopening within one year 'because of a mistake in a determination of fact.'" (emphasis added) (citation omitted)). Both *Banks* and *O'Keeffe* involved challenges to an ALJ's decision to grant a petition for modification, and in both cases the ALJ's decision to reopen the case was upheld. Similarly, in *Jesse*, we simply ruled that the ALJ had the authority to consider a modification request, not that he was required to do so.

> If a claimant avers generally that the ALJ improperly found the ultimate fact and thus erroneously denied the claim, the deputy commissioner (including his ALJ incarnation) has the authority, without more, to modify the denial of benefits.

> We suspect that such uncompelled changes of mind will happen seldom, if at all, but the power is undeniably there.

*Jesse*, 5 F.3d at 726. The language of the cases with respect to the ALJ's decision is clearly permissive and not mandatory.

Given the ALJ's discretionary authority, we review the denial of a modification hearing for abuse of discretion. *Betty B Coal Co. v. Director, OWCP*, 194 F.3d 491, 500 (4th Cir. 1999) (noting that "we would not hesitate to correct abuses" of an ALJ's discretion not to reopen a case). The ALJ should grant a request for an evidentiary hearing under Section 22 where doing so would "promote justice." *Id.* Hearings, however, are not required when the petitioner merely attempts to get a second chance at presenting evidence available in the first hearing. *See McCord v. Cephas*, 532 F.2d 1377, 1380 (D.C. Cir. 1976) (discussing the danger of Section 22 operating as "a back door route to re-trying a case") (citation omitted).

Under the circumstances of this case, we cannot conclude that the ALJ abused her discretion in finding that justice would not be promoted by another evidentiary hearing. Stevens Shipping has not come forward with new evidence that would mandate additional review of Kinlaw's original claim. Instead, Petitioner has attempted to reopen this case based upon a further bolstering of its own witness' prior testimony. In the initial hearing, Dr. Forrest testified that based on his understanding of Kinlaw's job duties, Kinlaw was not precluded from returning to work. The ALJ discounted that testimony in light of other testimony and evidence presented. Dr. Forrest then visited Kinlaw's work place and viewed a video tape of Kinlaw's duties, whereupon Stevens Shipping moved for a modification hearing in order to present Dr. Forrest's continuing opinion that Kinlaw was not precluded from returning to work.

As the ALJ properly noted in her decision, Dr. Forrest's belated visit to Respondent's work site amounts to nothing more than prejudicial, "post decisional discovery" which was readily available to Petitioner at the time of the initial hearing. Moreover, the ALJ used a variety of sources in the initial hearing, including Petitioner's own safety employee and its own written job description, in determining the demands of Respondent's job duties. Dr. Forrest has not stated a

new or different opinion regarding Kinlaw's medical condition; instead, he has reiterated a view about Kinlaw's duties that is contradicted by evidence that is seemingly more reliable with respect to that issue. Such circumstances do not warrant a mandatory modification hearing in order to render justice as required by Section 22.

## III.

With respect to Petitioner's claim under the APA, that the ALJ erred by considering Dr. Forrest's opinion without formally admitting it into the record, we agree with the BRB that the mistake was harmless. The ALJ's failure to formally admit additional testimony available to counsel at the initial hearing could not have affected the ALJ's final conclusion that the evidence should have been admitted at that initial hearing.

For these reasons we find that the ALJ did not abuse her discretion or commit reversible error, and the decision of the BRB is hereby affirmed.

*AFFIRMED*