# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

EASTERN ASSOCIATED COAL
CORPORATION,

*Petitioner,*

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR;
JAMES H. DUELLEY,

*Respondents.*

No. 03-1604

On Petition for Review of an Order
of the Benefits Review Board.
(01-957-BLA)

Argued: January 20, 2004

Decided: July 29, 2004

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Mark Elliott Solomons, GREENBERG TRAURIG,
L.L.P., Washington, D.C., for Petitioner. Helen Hart Cox, Office of
Workers' Compensation Programs, UNITED STATES DEPART-
MENT OF LABOR, Washington, D.C., for Director; James Hook,
Waynesburg, Pennsylvania, for Respondent Duelley. **ON BRIEF:**

Laura Metcoff Klaus, GREENBERG TRAURIG, L.L.P., Washington, D.C., for Petitioner. Howard M. Radzely, Acting Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M. Nece, Counsel for Appellate Litigation, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, for Director.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Eastern Associated Coal Corporation (EACC) petitions for review of an order of the Benefits Review Board (Board) affirming the decision of the administrative law judge (ALJ), denying EACC's motion for modification of the grant of benefits to James H. Duelley. For the reasons that follow, we affirm the Board's decision.

We previously affirmed the grant of benefits to Duelley based on EACC's failure to respond to the Department of Labor's (DOL) Notice of Initial Findings within the required time. *E. Associated Coal Corp. v. Dir., Office of Workers' Compensation Programs*, 1998 WL 957453 (4th Cir. 1998) (unpublished per curiam opinion). The Notice of Initial Findings, issued March 7, 1990, stated that the DOL had found that Duelley was totally disabled due to pneumoconiosis and thus, entitled to benefits. *Id.* at **1. EACC conceded that it did not file its response within the required time but argued that it had good cause for the late filing. *Id.* We held that, under the relevant statute and regulations, a failure to file a timely controversion of a Notice of Initial Findings barred EACC from contesting any issues covered by that notice in any further proceeding:

> We note that, pursuant to statutory authority, the Secretary of Labor has established a regulatory framework governing the filing and adjudication of black lung claims. *See* 30

U.S.C.A. §§ 932(a), 936(a) (West 1986 & Supp. 1998). The district director of the Office of Workers' Compensation Programs of the Department of Labor has authority to process the claim, determine the responsible operator and make an initial determination regarding entitlement. *See* 20 C.F.R. §§ 725.401, 725.412 (1997). If an initial determination is made finding the coal miner is entitled to benefits, the responsible operator has thirty days from the date of the notice to contest the determination. An operator who fails to file a timely response shall be deemed to have accepted the initial findings of the deputy commissioner and shall not be permitted to raise issues or present evidence with respect to issues inconsistent with the initial findings in any further proceeding conducted with respect to the claim. Good cause may excuse an operator's failure to submit a timely response. *See* 20 C.F.R. §§ 725.413(b)(3), 725.414(b) (1997).

*Id.* at **3. We also held that the ALJ did not abuse its discretion in finding that EACC had not demonstrated good cause for its late filing. *Id.* at **4.

After our decision, on June 23, 1999, EACC filed a motion for modification based on a mistake of fact, arguing that the decision contained a mistake of fact because Duelley was not totally disabled due to pneumoconiosis. The ALJ denied the motion, finding that EACC had not demonstrated that the relevant finding — i.e., the finding that EACC did not have good cause for its late filing — was a mistake in a determination of fact. EACC appealed the ALJ's denial to the Board. EACC argued that the ALJ erred by confining its review to the determination that EACC had not demonstrated good cause for its late filing. Instead, EACC contended, the ALJ should have considered whether the medical evidence supported the conclusion that Duelley was totally disabled by pneumoconiosis. The Board affirmed the ALJ's decision, holding that

[A]n employer may file a motion for modification of an administrative law judge's finding that good cause for an untimely controversion has not been established pursuant to Section 725.413(b)(3) (2000). If an employer does not

establish good cause for its untimely controversion, how-ever, an administrative law judge does not have the author-ity to consider the case on the merits, *see* 20 C.F.R. § 725.413(b)(3) (2000). Thus, we reject the employer's con-tention that a motion for modification of a finding that good cause has not been established entitles employer to seek modification on the merits. To accept employer's contention would render any finding as to whether employer had good cause for its untimely controversion irrelevant, unnecessary or moot and render the regulatory consequence of employ-er's failure to establish good cause for an untimely con-troversion meaningless.

(J.A. at 18.)

We review de novo the legal question of whether EACC can con-test the merits of Duelley's claim in a motion for modification when benefits were granted based on a failure to demonstrate good cause for an untimely response to the DOL's Notice of Initial Findings. *See* *Island Creek Coal Co. v. Compton*, 211 F.3d 203, 208 (4th Cir. 2000). Under the plain language of 20 C.F.R. § 725.413(b)(3), by failing to file a timely controversion of the Notice of Initial Findings, EACC waived its right to contest the claim "in any further proceeding con-ducted with respect to the claim." 20 C.F.R. § 725.413(b)(3) (2000).[1] A motion for modification is plainly a further proceeding conducted with respect to the claim. The Director of the Office of Workers' Compensation Programs agrees with this interpretation of § 725.413(b)(3). "The Director's interpretation of [a regulation] is entitled to substantial deference unless it is plainly erroneous or inconsistent with the regulation." *Jessee v. Dir., Office of Workers'*

---

[1]As the Board noted, "[t]his case involves a motion for modification filed pursuant to 20 C.F.R. § 725.310 (2000), but not pursuant to the revised regulation at 20 C.F.R. § 725.310, which is only applicable to claims filed after January 19, 2000, *see* 20 C.F.R. § 725.2(c)." (J.A. at 18.) "In addition, a relevant issue in this case is whether employer estab-lished good cause for its untimely controversion pursuant to 20 C.F.R. § 725.413 (2000), but not pursuant to the revised regulation at 20 C.F.R. § 725.412, which is only applicable to claims filed after January 19, 2000, *see* 20 C.F.R. § 725.2(c)." (J.A. at 18.)

*Compensation Programs*, 5 F.3d 723, 725 (4th Cir. 1993) (internal quotation marks omitted). Here, the Director's interpretation of the regulation is neither plainly erroneous nor inconsistent with the regulation. In fact, it is the only reading that is consistent with the regulation. Accordingly, EACC may not use a motion for modification to circumvent the consequences of its failure to file a timely controversion.[2]

The modification statute, 33 U.S.C.A. § 922 (West 2001), does not require a different result. EACC is not precluded from filing for modification. To the contrary, if EACC could demonstrate a mistake of material fact in the ALJ's decision, then EACC would be entitled to modification. The basis for the modification, however, must relate to the prior underlying decision, which in this case was the ALJ's finding that EACC failed to establish good cause for its untimely controversion pursuant to § 725.413(b)(3). In its motion for modification, EACC merely reiterated the reasons for its late filing that were rejected in the prior appeal. It failed to present any evidence that there was a mistake of fact in the determination that it lacked good cause. Accordingly, substantial evidence supports the ALJ's finding that EACC did not show that there was a mistake of fact in the prior order. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998) (holding that we review findings of fact to determine if they are supported by substantial evidence).

We agree with the Board that to accept EACC's position would render the good cause determination irrelevant and meaningless, and this we decline to do. Accordingly, for the reasons articulated by the Board, we affirm the denial of EACC's motion for modification.

*AFFIRMED*

---

[2]EACC points to *National Mines Corp. v. Carroll*, 64 F.3d 135 (3d Cir. 1995), to support its argument that its late filing did not result in a waiver of its ability to contest Duelley's claim. *Carroll* is inapposite for two reasons. First, *Carroll* involved a different regulation that provides that "all right to further proceedings shall be considered waived, except as provided in [the modification regulation]." *Carroll*, 64 F.3d at 139 (quoting 20 C.F.R. § 725.419(d)). Second, in *Carroll*, the ALJ essentially found that the employer's insurance company had established good cause for its late filing by finding that "the responsible operator's insurance company was not notified of [the initial findings] and, therefore, did not have the opportunity to controvert the claim." *Id.* at 137.