**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1768

CONSOLIDATION COAL COMPANY,

Petitioner,

v.

THEODORE M. LATUSEK, JR.; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF
LABOR,

Respondents.

On Petition for Review of an Order of the Benefits Review Board. (15-0242 BLA; 2010-BLA-5809)

Argued: December 5, 2017                          Decided: January 9, 2018

Before GREGORY, Chief Judge, and MOTZ and TRAXLER, Circuit Judges.

Petition for review denied by unpublished per curiam opinion.

**ARGUED:** William Steele Mattingly, JACKSON KELLY PLLC, Lexington, Kentucky,
for Petitioner. Sue Anne Howard, HOWARD LAW OFFICE, Wheeling, West Virginia;
Jeffrey Steven Goldberg, UNITED STATES DEPARTMENT OF LABOR, Washington,
D.C., for Respondents. **ON BRIEF:** Jeffrey R. Soukup, JACKSON KELLY PLLC,
Lexington, Kentucky, for Petitioner. M. Patricia Smith, Solicitor of Labor, Maia S. Fisher,
Associate Solicitor, Gary K. Stearman, Counsel for Appellate Litigation, Helen H. Cox,
Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington,

D.C., for Respondent Director, Office of Workers' Compensation Programs.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2004, this court reversed an award of black lung benefits to Theodore Latusek, holding that substantial evidence did not support the award. *See Consolidation Coal Co. v. Latusek*, 89 Fed. App'x 373 (4th Cir. 2004) (unpublished) (*Latusek II*). Latusek then requested modification of the denial of benefits, submitting new evidence in support of his claim. The administrative law judge ("ALJ") found that Latusek had established a mistake of fact justifying modification, and awarded benefits. Latusek's employer, Consolidation Coal Company ("Consol"), petitions for review. For the reasons that follow, we deny the petition.

I.

A.

The Black Lung Benefits Act provides benefits to "coal miners who are totally disabled due to pneumoconiosis," commonly known as black lung disease. 30 U.S.C. § 901(a). To be eligible for these benefits, a person must prove that he has a total disability due to pneumoconiosis arising out of his employment as a coal miner. *See id.* §§ 901(a), 921; 20 C.F.R. §§ 718.201–204, 725.202.

A person denied black lung benefits may, within one year of a final order, request modification of the order based on "a change in conditions or because of a mistake in a determination of fact." 33 U.S.C. § 922; 30 U.S.C. § 932(a); 20 C.F.R. § 725.310. "This modification procedure is extraordinarily broad, especially insofar as it permits the correction of mistaken factual findings." *Betty B Coal Co. v. Dir., O.W.C.P.*, 194 F.3d 491,

3

497 (4th Cir. 1999). As the Supreme Court has explained, an ALJ has "broad discretion to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted." *O'Keeffe v. Aerojet-General Shipyards, Inc.*, 404 U.S. 254, 256 (1971) (per curiam). "There is no need for a smoking-gun factual error, changed conditions, or startling new evidence" to modify a benefits order. *Jessee v. Dir., O.W.C.P.*, 5 F.3d 723, 725 (4th Cir. 1993). The ALJ must, however, conclude that "reopening the case would render justice under the Act." *Sharpe v. Dir., O.W.C.P.*, 495 F.3d 125, 132 (4th Cir. 2007) (*Sharpe I*).

## B.

Theodore Latusek worked as a coal miner in West Virginia for almost 24 years, all of them for Consol. He never smoked. He first applied for black lung benefits in 1994. The parties agree that Latusek has a total disability due to interstitial pulmonary fibrosis (IPF), but dispute whether his IPF was *caused* by his coal mine employment.

Latusek's case has twice reached this court. In 1999, we vacated a benefits award and remanded for reconsideration because "the ALJ failed adequately to explain the reasons for crediting certain medical opinions to the exclusion of others." *Consolidation Coal Co. v. Latusek*, 187 F.3d 628, 1999 WL 592051, at *1 (4th Cir. 1999) (unpublished) (*Latusek I*). In 2004, following further proceedings before the ALJ and the Benefits Review Board, in which Latusek was again awarded benefits, we concluded the ALJ's decision was not supported by substantial evidence. *Consolidation Coal Co. v. Latusek*, 89 Fed. App'x 373, 374 (4th Cir. 2004) (unpublished) (*Latusek II*).

4

Latusek then timely requested modification, alleging a mistake in a determination of fact. A new ALJ presided over Latusek's modification proceedings. In 2011, following the submission of additional evidence, the ALJ granted Latusek's modification petition and awarded benefits. The Benefits Review Board affirmed in part, vacated in part, and remanded for further consideration. On remand, the ALJ once again awarded benefits. The Board affirmed. Consol timely noted this appeal.

## II.

We first address Consol's arguments that modification is improper in light of our decision in *Latusek II*. We review the grant of a modification request for abuse of discretion. *Sharpe I*, 495 F.3d at 130.

Consol argues that because we held in 2004 that the record evidence at the time was insufficient to prove that Latusek's IPF was caused by his coal mine employment, the ALJ's finding in 2011 of a "mistake in a determination of fact" violates the law of the case and the mandate rule. We disagree. Those doctrines bar re-litigation of issues already decided, and would prohibit, for example, awarding benefits based on a factual record deemed to be insufficient in a prior circuit court holding. The ALJ, however, did not do that here. In support of his modification request, Latusek submitted new evidence, including pathology reports of his left lung, which was removed in 2006 for a transplant, deposition testimony by Latusek's expert witness and treating physicians, and additional medical articles suggesting a link between IPF and coal dust exposure. The ALJ's 2011 decision was based on the entire record, including this new evidence, not merely on the

5

record available in *Latusek II*. We also reject Consol's suggestion that the ALJ was not permitted to place any reliance on the evidence we deemed insufficient in *Latusek II*, like the testimony of Drs. Jennings and Rose, experts for Latusek. *See* 89 Fed. App'x at 377. We held the testimony of those experts insufficient in that case in part because it lacked corroboration and support; for example, Dr. Jennings and Rose relied on "flawed articles." *Id.* But the testimony of those same experts *can* be credited if, as here, it is now corroborated by additional evidence, such as further medical articles that substantiate the link between IPF and coal dust exposure.

Consol's argument that modification "annul[s] a final judgment" of this court, Pet. Br. at 26–27, and therefore violates the separation of powers doctrine, is similarly misplaced. We held in *Latusek II* that a particular body of evidence was not sufficient to prove that Latusek's IPF was caused by his coal mining. That holding is not nullified by the ALJ's finding that a different (albeit overlapping) body of evidence does so prove. More generally, Congress expressly included modification in the Black Lung Benefits Act as a statutory waiver of finality and res judicata that allows black lung claims to be reopened within one year of a benefits order. *See Jessee*, 5 F.3d at 725 (explaining that the modification provision "displaces *res judicata*" and the "principle of finality"). Invoking this modification process therefore does not implicate separation of powers concerns.

Finally, Consol argues that Latusek cannot show a "mistake" because the original ALJ found in his *favor*. That argument, of course, ignores our holding in *Latusek II* that based on the record available at the time, Latusek could not prove that his IPF was caused by his coal mining. In his modification petition, Latusek alleged that this ultimate factual

6

conclusion — that his IPF was not caused by coal mining — was a mistake, and submitted additional evidence to support his allegation.

In sum, nothing about the ALJ's benefits award on modification is at odds with our holding in *Latusek II*. Thus, the ALJ did not abuse his discretion.

## III.

We turn to Consol's contention that the ALJ erred by finding that Latusek's IPF was caused by coal dust exposure, and that the denial of benefits was therefore based on a mistake of fact. We review an ALJ's factual findings for substantial evidence. *W. Va. CWP Fund v. Bender*, 782 F.3d 129, 144 (4th Cir. 2015). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016) (quotation marks and citation omitted). We "defer to the ALJ's evaluation of the proper weight to accord conflicting medical opinions," so long as the ALJ has analyzed "all of the relevant evidence." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015).

Here, the ALJ weighed the conflicting testimony of multiple experts on both sides, analyzed the medical studies and articles in the record, and made a factual finding that Latusek's IPF was "caused by coal dust exposure." That conclusion was supported by the testimony of Latusek's treating physicians and pathology experts, pathology reports following Latusek's lung transplant, and medical articles linking IPF and coal dust exposure.

7

The ALJ also adequately explained why he rejected contrary testimony. For example, the ALJ discounted the opinions of Consol's medical experts because their opinions did not account for factors like the early onset of Latusek's IPF despite his lack of a smoking history, and conflicted with medical articles that indicated a link between IPF and coal mining. Similarly, the ALJ found the testimony of Consol's pathologists "contrary to the preponderance of pathology evidence," and discussed this preponderance of pathology evidence in some detail.

Consol argues that the additional medical articles submitted by Latusek are insufficient to prove a mistake of fact because several of them were published before 1997, the year of Latusek's first benefits hearing. But as we have explained, there is no need for "changed conditions, or startling new evidence" to modify a benefits order. *Jessee*, 5 F.3d at 725. It is enough if there is additional evidence from which the ALJ can reasonably conclude that the prior benefits order was based on a mistake of fact.

Consol also contends that the ALJ erred by crediting doctors who relied on three medical articles we previously ruled unreliable. The ALJ did not, however, credit these doctors' testimony because of the three medical articles, and only mentioned the three articles when summarizing the case's procedural history. Instead, the ALJ credited these doctors' testimony because it accounted for the early onset of Latusek's IPF and its atypical progression, and was consistent with the pathological evidence following Latusek's lung transplant and corroborating medical articles. That these doctors previously relied on articles that we rejected does not mean their testimony on other bases must be discredited forever more.

8

Consol's remaining arguments are essentially disagreements with how the ALJ weighed the evidence. Consol asserts a "multitude of unaddressed logical flows riddling Mr. Latusek's medical evidence," and contends that the ALJ erred by failing to address each of these. Pet. Br. at 52–53. An ALJ, however, is not required to address exhaustively all potential flaws in the evidence; rather, the ALJ must simply "adequately explain why he credited certain evidence and discredited other evidence." *Addison*, 831 F.3d at 253 (quotation marks and citation omitted). We believe the ALJ did so here.

Accordingly, the ALJ's finding that Latusek's IPF was caused by coal dust exposure is supported by substantial evidence, and the ALJ thus correctly found a mistake in a determination of fact that warranted modification.

IV.

For these reasons, we deny Consol's petition for review.

*PETITION FOR REVIEW DENIED*